UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>Defendant. | Case No. 18-cv-00404-LHK (VKD)<br><br>**ORDER RE DISPUTE RE PROPOSED PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 32, 35 |

The parties have submitted for the Court's consideration a proposed protective order that is based on the Court's model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. The parties agree that a patent prosecution bar is necessary, but they disagree on the appropriate scope of the prosecution bar in section 8 of the model protective order. They also disagree on the meaning of the term "source code" as used in section 9 of the model protective order. The Court heard oral argument on both issues on July 31, 2018.

Having considered the parties' respective positions, as well as plaintiff Alta Devices, Inc.'s trade secret disclosures, the Court finds that the appropriate scope of the prosecution bar is: "prosecution of patents or patent applications relating to the manufacture of gallium arsenide thin-film solar cells." As the Court explained at the hearing, if either party finds that the scope of the prosecution bar adversely impacts the retention of a particular expert whose actual or anticipated prosecution activities fall outside the scope of the alleged trade secrets but fall within the scope of the patent prosecution bar, the parties may bring that issue to the Court's attention on a case-by-case basis. The parties may otherwise bring disputes over expert disclosure or discovery before

this Court pursuant to the Court's Standing Order for Civil Cases.

With respect to the meaning of the term "source code" as used in section 9 of the model protective order, the Court finds that "source code" has its ordinary meaning: computer code written in human-readable programming language. Section 9 specifies the requirements for the *production* of source code. The term "source code" as used in that section is not coextensive with the material that falls under the defined category of "Highly Confidential – Source Code Information and Items" in section 2.9 of the model protective order, which specifies the confidential treatment of source code and related material during discovery. The parties are free to stipulate to enhanced requirements for the production of sensitive information in addition to source code, or if they cannot agree, the party desiring enhanced protection for the production of some category of sensitive information may use the discovery dispute procedures outlined in the Court's Standing Order for Civil Cases to obtain a ruling from the Court on that issue.

The parties shall submit a revised proposed protective order, consistent with this order, for the Court's review and approval.

**IT IS SO ORDERED.**

Dated: July 31, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge