John D. O'Connor (SBN 54238)
john@joclaw.com
**O'CONNOR AND ASSOCIATES**
201 Mission Street, Suite 710
San Francisco, CA 94105
Telephone: (415) 693-9960
Facsimile:  (415) 692-6537

Attorneys for Plaintiff
ALTA DEVICES, INC.

Steven M. Levitan (Bar No. 148716)
steve.levitan@hoganlovells.com
**HOGAN LOVELLS US LLP**
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant
LG ELECTRONICS, INC.

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA DEVICES, INC. | Case Number: 18-CV-00404-LHK (VKD) |
| Plaintiff(s), | [**PROPOSED**] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| vs. | Re: Dkt. No. 43 |
| LG ELECTRONICS, INC., | |
| Defendant(s). | |

1

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that they will undertake reasonable and proportionate steps to preserve relevant ESI. To reduce the costs and burdens of preservation and to ensure appropriate preservation of ESI, the parties agree that:

a) The parties will take reasonable and proportionate steps to preserve relevant ESI created or received during the relevant time period.

b) The parties will each identify the custodians for whom they believe ESI should be preserved. The parties shall add or remove custodians as reasonably necessary.

c) The parties will seek to agree on the number of custodians per party for whom ESI will be collected, searched and produced.

d) The parties will exchange lists of the data sources and types of ESI they believe should be preserved. The parties may add or remove data sources and ESI types from these sources. That a party agrees to preserve ESI from such sources does not mean that the party agrees that the source necessarily falls within the scope of discovery in this case.

e) The parties will identify any data sources that they are aware contain relevant ESI but are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). Except as set forth below in subparagraph 4.g) below regarding preservation, ESI from such sources will be preserved but not searched, reviewed, or produced, absent a court order otherwise.

f) Absent a showing of good cause, no party is required to search or restore data from any media upon which backup data is maintained in a party's normal or allowed processes for disaster recovery purposes, including but not limited to backup tapes, disks, SAN, or other forms of media.

g) Absent a court order upon a showing of good cause, the following categories of ESI need not be preserved: (a) deleted, slack, fragmented, or other data only accessible by forensics; (b) random access memory (RAM), temporary files, or ephemeral data that are difficult to preserve without disabling the operating system; (c) on-line access data such as temporary internet files, history, cache, cookies, and the like, (d) data in metadata fields that are frequently updated automatically, such as last-opened dates; (e) server, system, or network logs; and (f) data remaining from systems no longer in use that is unintelligible on the systems in use.

h) In addition to the agreements above, the parties will meet and confer to identify and other sources of ESI that (a) contain relevant information, but (b) under the proportionality factors, should not be preserved.

**5. SEARCH**

The parties shall adopt reasonable and proportionate approaches to search and produce ESI as reasonably necessary. The parties agree that within 21 days of any party serving responses and objections to requests for production, the producing party will provide its proposed search methodologies and protocols to be used for locating responsive ESI. The search protocols will, among other things, identify the data sources and custodians each party believes will possess responsive, relevant information and, if appropriate and applicable, will propose search terms. If a party subsequently modifies its methodology or protocol in a material manner, it shall disclose such modification to the other party. If either party requests a meet and confer regarding the other party's search methodology or protocol, the parties will meet and confer within five (5) court days of such request. The parties shall comply with the schedule and process for bringing discovery disputes before the Court pursuant to the Court's Standing Order for Civil Cases, except that they clarify here that the parties may continue to meet and confer until any party determines that further discussions will be unproductive before bringing the dispute to the Court.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☐ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof file formats, as appropriate and as set forth below.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties will produce ESI in single-page TIFF files in black and white when possible with corresponding text files and load files if available, but Excel and PowerPoint files will be produced in native format rather than TIFF when possible.  The parties may produce or request for production limited or select documents in their native format for files that cannot be converted to TIFFS (e.g., .WMVs and .MPEGs) or for files that, when converted, become unreasonably burdensome to review (e.g., Access databases or Excel spreadsheets).  In addition, if an original document contains color determined to be necessary to understand the meaning or content of the document, upon written request by a receiving party, the producing party shall take reasonable efforts to produce color images for a reasonable number of selected documents.  To the extent that documents are produced that contain languages other than English, in whole or in part, the producing party shall produce all foreign language documents in the original language in which it was collected.  The producing party has no obligation to provide a translation of the document or any portion thereof.  Additionally, no party shall be required to produce the same document in more than one format.  Paper documents will be produced as OCR'ed TIFFs or text enabled PDFs.  Documents containing foreign language text must be OCR'ed using the appropriate settings for that language.

All TIFF or PDF based productions will typically include litigation support load files. Below are the metadata fields to be included (if available) in the load files:

| Field Name | Relates to Doc Type |
|---|---|
| Confidentiality | All |
| BegAttach | All |
| EndAttach | All |

| Field Name | Relates to Doc Type |
|---|---|
| Authlast | Office Doc |
| PgCount | All |
| Bcc | Email |
| BegDoc# (aka BegBates) | All |
| Cc | Email |
| Datecrtd | Office Doc |
| Datemod | Office Doc |
| Datercvd | Email |
| Datesent | Email |
| NativeFile | All – if native documents |
| Enddoc# (aka EndBates) | All |
| Filename | All other than email |
| FileExt | All |
| Filesize | All other than email |
| From | Email |
| Md5Hash | All |
| Email_Subject | Email |
| TimeCrtd | Office Doc |
| TimeMod | Office Doc |
| TimeRcvd | Email |
| TimeSent | Email |
| To | Email |
| Custodian | All |
| Allcustodians or Additional Custodians | All |

The parties reserve their rights to modify the Field Names identified above depending on obtaining an understanding of the sources from which the parties intend to produce documents and information in this matter.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) The parties will meet and confer regarding the manner in which they will identify documents withheld on grounds of privilege or attorney work product.

b) Pursuant to the agreement of the Parties under Federal Rule of Evidence 502(e) and this Order entered under Federal Rule of Evidence 502(d), no disclosure,

5

production, or exchange of information in this case constitutes a waiver of attorney-client privilege or of any work product protection in this or any other federal or state proceeding. This Order applies to any privileged or protected information that is disclosed, produced, received, or discussed – whether intentionally or inadvertently – among the parties, their counsel, and/or any agents (such as vendors and experts) in the course of this litigation.

c) To effectuate a claw back of the information subject to a claim of privilege or work product protection the producing party must give notice to all counsel of record of the production, identifying the document, the portions of the document that were inadvertently produced, and the first date the document was produced. The producing party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production and the receiving party agrees to not challenge the reasonableness of such efforts. If the receiving party disclosed the privileged or protected information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information.

d) A receiving party is under a good-faith obligation to promptly alert the producing party if information that is produced, disclosed, or exhibited by a producing party appears to be privileged or protected on its face or in light of facts known to the receiving party.

e) Upon receiving notice of a production of privileged or protected information or upon determining that information it received is privileged or protected in whole or in part, the receiving party must (to the extent it is technically feasible) promptly return, sequester, or destroy the information and all copies thereof and must destroy any notes that disclose the substance of the privileged or protected information. Any such information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as they are subject to routine deletion or destruction provided that no person attempts to access the contents of the information unless allowed under the terms of this Order. The receiving party may not use or disclose the privileged or protected information unless this Court has determined that the information is not privileged or protected.

f) If the receiving party contests the claim of privilege or work product protection, within ten (10) days of receiving the notice of disclosure provided for in section 8 (c) above, the receiving party must seek a determination from the Court or commence the discovery dispute resolution procedure under any applicable Court order as to the privileged or protected nature of the information as provided by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Pending such a challenge, the receiving party may not use the information in any way or disclose it to any person.

g) If a party agrees or if the Court sustains a claim that the information is privileged or protected, the receiving party must, within three (3) business days of date of agreement or the Court's determination, return, or destroy all copies of the privileged or protected information as well as all notes relating to the privileged or protected information, and must advise the producing party in writing of the

destruction. Any such information that may exist on any computer or back-up media which cannot be reasonably deleted within three (3) days may be retained until such time as they are subject to routine deletion or destruction provided that no person attempts to access the contents of the information unless allowed under the terms of this Order.

h) Nothing in this Order may be construed to require the production of any information or communication that a party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Nothing in this Order eliminates a party's ability or right to conduct a review for privileged or protected information prior to production.

i) This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

j) This Order remains in effect unless or until amended, altered, modified, or vacated by the Court or by the written agreement of all parties to this action filed with the Court, pursuant to the Federal Rules of Civil Procedure.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 13, 2018                     /s/ John D. O'Connor
                                           John D. O'Connor

                                           John D. O'Connor (SBN 54238)
                                           john@joclaw.com
                                           Joseph D. Calhoun (SBN 114248)
                                           joe@joclaw.com
                                           Dirk van Ausdall (SBN 117279)
                                           dirk@joclaw.com
                                           **O'CONNOR AND ASSOCIATES**
                                           201 Mission Street, Suite 710
                                           San Francisco, CA 94105
                                           Telephone: (415) 693-9960
                                           Facsimile: (415) 692-6537

                                           Attorneys for Plaintiff
                                           ALTA DEVICES, INC.

| | | |
|---|---|---|
| 1 | DATED: August 13, 2018 | /s/ Steven M. Levitan |
| 2 | | Steven M. Levitan |

Steven M. Levitan (Bar No. 148716)
steve.levitan@hoganlovells.com
Alali Dagogo-Jack (Bar No. 302437)
alali.dagogo-jack@hoganlovells.com
**HOGAN LOVELLS US LLP**
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Christian E. Mammen (Bar No. 188454)
chris.mammen@hoganlovells.com
**HOGAN LOVELLS US LLP**
3 Embarcadero Center, 15th Floor
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Attorneys for Defendant
LG ELECTRONICS, INC.

<u>ATTESTATION OF CONCURRENCE</u>

Pursuant to Local Rule 5-1(i), I hereby attest that the other signatory or signatories to this document concurred in this filing.

DATED: August 13, 2018            /s/ John D. O'Connor
                                  John D. O'Connor

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 14, 2018            *Virginia K. DeMarchi*
                                  Hon. Virginia K. DeMarchi
                                  United States Magistrate Judge