

Hogan Lovells US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025
T  +1 650 463 4000
F  +1 650 643 4199
www.hoganlovells.com

August 22, 2018

Hon. Virginia K. DeMarchi
United States District Court
  for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, 95113

Re:     ***Alta Devices, Inc. v. LG Electronics, Inc.,*** **Case No. 18-cv-404-LHK-VKD**
        **Request for Guidance Concerning Alta's Section 2019.210 Disclosure**

Dear Judge DeMarchi:

The parties jointly seek the Court's guidance concerning the following dispute:

**<u>Statement of the Dispute</u>**

1.  Does Plaintiff Alta Devices, Inc.'s Identification of Trade Secrets Pursuant to Cal.
    C.C.P. §2019.210, dated July 16, 2018, comply with Section 2019.210 and
    governing authority?

2.  What procedure should be employed for resolving LGE's contention that Alta's
    Identification of Trade Secrets is deficient, including:

    a.  May LGE file a formal noticed motion to compel under Civil L.R. 7-2, and
        whether such motion is properly brought before Judge Koh or Judge
        DeMarchi?

    b.  May Alta file a motion for a protective order or, alternatively, a motion to
        deem Alta's Trade Secret Identification sufficient as a discovery dispute to
        be determined by Judge DeMarchi?

**Defendant LGE's Position**

LGE contends that Alta's Trade Secret List is deficient in that it fails to describe Alta's claimed trade secrets with reasonable particularity, as required by C.C.P. § 2019.210 and relevant case law. LGE requests permission to file a noticed motion to compel, to resolve this dispute.

LGE does not believe that this is a *discovery* dispute, or at least not the type of discovery dispute that falls within Your Honor's Standing Order procedures for such disputes. Instead, this dispute is analogous to a motion to compel amendments to patent infringement or invalidity contentions under the Patent Local Rules. The Standing Order expressly carves out those types of disputes and authorizes regular motion practice under Civil L.R. 7-2. Standing Order § 4(i). Indeed, another Judge in this District has drawn this very same analogy. *Neothermia Corp. v. Rubicor Medical, Inc.,* 345 F. Supp.2d 1042, 1045 (N.D. Cal. 2004) (procedure for seeking amendments to Section 2019(d)[1] disclosures "parallels" those set forth in Patent Local Rules).

LGE accordingly seeks leave to file a formal motion; it is not possible to fully address the inadequacy of the numerous vague and generic "trade secrets" on Alta's List in 1500 words or less. LGE further submits that the Court should authorize it, not Alta, to file the motion. LGE first raised the deficiencies in Alta's List by letter in the hope that Alta would agree to amend the List. When it became clear that Alta refused to do so, LGE expressly stated that it would raise the issue by motion to the Court. As the correspondence proves, it was only ***after*** LGE so informed Alta that Alta attempted to preempt LGE's anticipated motion, stating that Alta would bring its own motion. The motion, however, is obviously LGE's to make (as corroborated by countless cases), because LGE is seeking to compel the requisite particularity of the claimed trade secrets – any alternate motion by Alta would amount to an improper request for an advisory opinion concerning the sufficiency of its List. (Alta's goal, it seems, is to obtain two briefs – but that is not a proper basis for commandeering an adversary's motion.)

Alta's Trade Secret List is an eleven-page narrative, incorporating by reference eleven pages of exhibits. Evidently, as indicated by parenthetical numbers inserted in the narrative (e.g. "(1)")), the List purports to disclose fifty-seven separate trade secrets. LGE has identified significant defects with a substantial majority of the claimed trade secrets.

It is a longstanding requirement under California law that a plaintiff must identify its allegedly misappropriated trade secrets with particularity before it can take discovery relating to the trade secrets. *See Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968) ("Before a defendant is compelled . . . to embark on discovery which may be both prolonged and expensive, the complainant should describe the subject matter of

---

[1] 2019(d) is the predecessor to 2019.210.

the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those who are skilled in the trade . . ."). The California legislature codified the *Diodes* holding as California Code of Civil Procedure § 2019.210, which requires the plaintiff to identify its trade secrets with "reasonable particularity" prior to seeking discovery relating to the trade secrets. '[R]easonable particularity' should ... be understood in light of the purpose of section 2019.210," which is as follows:

> First, [section 2019.210] promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.

*Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016); *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1345 (2009).

Alta has not taken its Section 2019.210 obligations seriously.

First, Alta's List uses broad "catch-all" language ("[e]verything about Alta's technology not publicly revealed . . . In total and as a whole, research and development information provided by Alta to LGE") to obfuscate the boundaries of its claimed trade secrets. This amounts to no disclosure at all. *See E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 WL 3062160, at *5 (E.D. Cal. June 18, 2018). California law is clear that Alta is "not entitled to include broad, 'catch-all' language" in a Trade Secret List as a tactic to preserve an unrestricted, unilateral right to subsequently amend the statement to accuse more specific items. *Perlan*, 178 Cal.App.4th at 1350.

Second, Alta has not identified its trade secrets with the particularity that is required for trade secrets concerning highly complex technologies. Alta has claimed as trade secrets categories of technology that were well-known in the field long before Alta was established. Where, as here, "the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal.App.4th 826, 836 (Cal App. 2005). At best, Alta's trade secrets might be subsets of well-known general technology categories. It is not enough for Alta to state that its trade secrets are, *e.g.*, "High Rate GaAs Growth Technology," "Substrate Reuse and Thin Film Separation Technology," "Technologies Related to GaAs Solar Cells and Modules," "CVD [chemical vapor deposition] technology and its commercial viability," and "ELO [epitaxial lift-off] technology and

wafer usability." *See* D.N. 35-2 and Complaint ¶ 48; Alta's Trade Secret List nos. (7), (8), (9), (9a). Each of these broadly defined categories is a well-known area in the highly specialized field of gallium arsenide ("GaAs") thin film manufacturing. In its motion to compel, LGE will offer evidence that the manufacture of GaAs thin film solar cells using high-growth rate CVD modules and ELO techniques to enable the re-use of expensive GaAs substrates is generally known in the field. In order to satisfy the particularity requirement, Alta must make its disclosures in a manner that allows the Court and LGE to determine where the general knowledge ends and Alta's trade secrets begin. *See Brescia v. Angelin*, 172 Cal. App. 4th 133, 138 (2009). Alta's Trade Secret List does not do this.

Third, between its Complaint and the attachments to the parties' July 25, 2018 submission (D.N. 35), Alta has filed many of its claimed trade secrets in the public record. This "belies the proposition that [the list] contains information specific enough to be considered 'confidential' trade secrets." *Loop AI Labs,* 195 F.Supp.3d at 1112.

Finally, Alta's Trade Secret List is presented in an unworkable format. Instead of clearly listing each specific trade secret, Alta has provided its "List" in a convoluted, narrative format. Alta's narrative refers to numbered, claimed trade secrets multiple times using varying language – several numbers are repeated as many as five times, but they correspond to different text. Further, it is not always clear what text relates to what number; sometimes the number appears to be placed before the corresponding text, sometimes after, and sometimes in the middle. Alta also makes references to other documents, without specifically identifying the claimed trade secrets therein, thus improperly hiding the trade secrets in "plain sight." *Perlan,* 178 Cal.App.4th at 1350; *Brescia*, 172 Cal.App.4th at 147. Worse still, Alta's List cites to several documents that are not even appended. A disclosure under Section 2019.210 is supposed to provide a reasonably particular identification of each claimed trade secret. *See Advanced Modular*, 132 Cal. App. 4th at 835-36 ("[T]he plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational, under all circumstances to identify its trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense . . ."). Alta's convoluted disclosure is not "fair, proper, just [or] rational."

Alta's deficient Trade Secret List is deeply prejudicial to LGE, as it prevents LGE from understanding the scope of the claims against it, and from preparing its defenses, including investigating whether the alleged trade secrets were within the public domain.

It is very apparent what Alta is trying to do – precisely what numerous courts have stated is improper. Alta does not wish to identify specific trade secrets now, but instead seeks to lay a foundation for broad, unrestricted discovery from LGE, only after which Alta will decide what specifically to accuse and try to assemble theories to conform to its discovery. Alta's approach is antithetical to the purposes of Section 2019.210.

**Plaintiff Alta's Position**

Alta contends that its disclosure of trade secrets pursuant to California Code of Civil Procedure section 2019.210 is sufficient and intends to move for a protective order or, alternatively, to deem Alta's identification sufficient so that discovery may proceed.  Alta commenced the discovery dispute resolution procedures to obtain resolution of this dispute.  LGE contends that only LGE, and not Alta, may make a motion concerning this dispute. Accordingly, the parties seek the Court's guidance concerning the correct procedure for resolution of this dispute.

Background of the Dispute

Alta served its Section 2019.210 statement ("the Statement") on July 16, 2018.  By letter the following day, counsel for LGE notified Alta of its position that the Statement did not describe Alta's trade secrets "with reasonable particularity."  LGE contends that Alta may not conduct any trade secrets discovery until Alta adequately identifies its trade secrets.

Over the next few weeks, the parties exchanged their views and authorities regarding the sufficiency of Alta's Statement but were unable to resolve their differences.   Finally, on August 9, 2018, Alta stated its intention to make a discovery motion concerning its trade secrets identification and invoked the "meet and confer" provisions of the Court's standing order regarding discovery disputes by demanding a conference of lead counsel to discuss the dispute.

At their discovery dispute conference on August 15, 2018, Alta took the position that this is a discovery motion and stated its intention to make a motion for a protective or other order under Rule 26.  LGE took the position that the motion was LGE's to make and that the motion was not within the purview of the Magistrate Judge in this case.  The parties agreed to seek guidance from the Court regarding the proper procedure for resolving the dispute over the sufficiency of Alta's Statement.

Alta's Has Identified Its Trade Secrets with Reasonable Particularity

Alta is the first company devoted to the commercial mass production of thin-film single-junction gallium arsenide solar devices.  Nearly everything Alta revealed to LGE about Alta's manufacturing process, including cost and feasibility, informed LGE it could safely invest in--and get a head start on--manufacturing a device never before manufactured commercially.

Where, as here, the subject matter of the trade secrets is a manufacturing process, the plaintiff need only identify the end product manufactured and supply sufficient data concerning the process *without revealing the details of it or the secrets themselves.* *Pixion, Inc. v. PlaceWare, Inc.*, 421 F. Supp. 2d 1233, 1241 and n.4 (N.D. Cal. 2005),

*affirmed* 177 Fed. Appx. 85 (Fed. Cir. 2006).    No more particularity is required than necessary to permit the defendant to "discern the boundaries of the trade secret so as to prepare available defenses, or to permit the court to understand the identification so as to craft discovery."  *Gatan, Inc. v. Nion Company*, No. 15-CV-01862-PJH) 2017 WL 1196819 at *5 (N.D. Cal., Mar. 31, 2017).

In addition, Alta broke down its manufacturing processes into its three "core technologies."  Alta did so using the same words to describe Alta's core technologies that LGE used in materials LGE returned to Alta.  LGE described Alta's technology as "highly differentiated" from existing technology and "judged [by LGE] to be a disruptive technology…."  Alta's Statement also identified discrete trade secrets within each category, *many by answers to written questions from LGE and separated by LGE into these categories*. "[P]ossible trade secrets fall into a continuum, from something as high level as a general idea, down to mid-level concepts for developing and implementing the general idea, and finally ending at the granular information…." *Bladeroom Grp., Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD (HRL), 2017 U.S. Dist. LEXIS 77583, at *5 (N.D. Cal. May 22, 2017) (emphasis omitted).  Alta has complied with Section 2019.210 by describing its trade secrets with reasonable particularity.

<u>This Dispute Is a Matter for Determination Under the Discovery Reference</u>

Section 2019.210 is a provision of the California Discovery Code.  The statute pertains to discovery and *not* the plaintiff's pleadings.  *See Art of Living Found. v. Doe*, No. 5:10-cv-05022-LHK, 2012 U.S. Dist. LEXIS 61582, at *69 (N.D. Cal. May 1, 2012) (Section 2019.210 particularity requirement is related to discovery rather than pleading)*; and Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2016 U.S. Dist. LEXIS 136220, at *28 (S.D. Cal. Sep. 30, 2016) (same).

Section 2019.210 is intended to assist the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. *Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 U.S. Dist. LEXIS 63507, at *37-38 (N.D. Cal. June 15, 2011). The general policies behind the disclosure requirement of Section 2019.210 are consistent with the liberal policies behind the federal discovery rules requiring parties to specify their claims and defenses before trial. *Activerain Corp. v. Move, Inc.*, No. CV 07-5037-DDP(CTx)), 2008 U.S. Dist. LEXIS 127718, at *4-5  (C.D. Cal. Apr. 29, 2008).

The plaintiff in a trade secrets case may move for an order deeming the section 2019.210 trade secrets disclosure sufficient and need not wait for the plaintiff to challenge its sufficiency.  *See M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. C08-02658 RMW (HRL), 2011 U.S. Dist. LEXIS 4123, at *2-3 (N.D. Cal. Jan. 10, 2011) (plaintiff's motion for an order deeming trade secrets disclosure sufficient granted). Magistrate Judges routinely determine whether a Section 2019.210 statement is sufficient when discovery matters have been referenced to them for determination.

*See, e.g., ibid.* and *Heller v. Cepia L.L.C.*, No. C 11-1146 MEJ, 2012 U.S. Dist. LEXIS 6452, at \*2-7 (N.D. Cal. Jan. 20, 2012) ("*Heller*").

Alta contends that it may also make a motion under Rule 26 of the Federal Rules of Civil Procedure to preclude LGE from demanding that Alta reveal its trade secrets to LGE with any greater specificity.  That rule provides in part:

> Rule 26.  Duty to Disclose; General Provisions Governing Discovery
>
> \*\*\*\*
>
> (c) Protective Orders.
>
> (1) *In General.* A party or any person from whom discovery is sought may move for a protective order….::
>
>> (A) forbidding the disclosure or discovery;
>>
>> (B) specifying terms… for the disclosure or discovery;
>>
>> \*\*\*\*
>>
>> (G) requiring that a trade secret or other…information not be revealed or be revealed only in a specified way….
>
> (2) *Ordering Discovery.*  If a motion for a protective order is wholly or partly denied, the court may…order that any party or person provide or permit discovery.

Fed. R. Civ. Proc., Rule 26.

A protective order or other order controlling the sequence or timing of discovery under Rule 26 is appropriate where the defendant challenges the plaintiff's Section 2019.210 statement.  *See SocialApps, LLC v. Zynga, Inc.*, 2012 U.S. Dist. LEXIS 82767, at \*7 (N.D. Cal. June 14, 2012) (Section 2019.210 is consistent with court's authority to issue a protective order regarding discovery of trade secrets as set forth in Rule 26(c)(1)(G).); and *Phx. Techs., Ltd. v. DeviceVM, Inc.*, No. 09-4697-EDL, 2010 U.S. Dist. LEXIS 24884, at \*3 (N.D. Cal. Mar. 17, 2010) (motion for protective order considered in connection with defendant's assertion that plaintiff had not identified trade secrets with reasonable particularity).

LGE argues that this dispute does not fall within the scope of the Court's Standing Order  because of the carve-out for patent infringement contentions in patent cases. (*See id.*, § 4(i).)  This is not a patent case.  In the *Neothermia* case cited by LGE, the court imposed a requirement that the plaintiff show good cause to amend its trade secret identification in the future.  The same good cause requirement was imposed by the court when resolving the discovery dispute in *Hell*er. *See Heller*, 2012 U.S. Dist.

LEXIS 6452, *6.  Thus, the Court may resolve the issue of the sufficiency of Alta's Statement as a discovery matter just as in *Heller.*

LGE also contends that Alta should not be permitted to file a discovery motion because LGE was first to state an intention to raise the issue of Alta's Statement with the Court. However, the correspondence between the parties proves that LGE demanded that Alta act by making a motion for leave to amend Alta's Statement.  Alta took the lead as suggested by LGE stating its intention to instead make a discovery motion concerning the sufficiency of Alta's Statement.  LGE's complaint now is not that Alta acted first in making a motion, but that Alta is not making the motion that LGE demanded

Alta acted first to make a motion by invoking the discovery dispute resolution procedure under the Court's standing order.  Accordingly, Alta should be permitted to file its motion and have the opportunity to reply to LGE's opposition. In the event that LGE is permitted to move as it intends, then Alta asks for leave to cross-move as well so that each side has the opportunity for reply on its motion.  The motions may be styled as cross-motions for protective orders *or* a motion by Alta to deem its Statement sufficient and a motion by LGE to compel Alta to provide a more particularized identification.

### Parties' Positions on Whether the Court Should Conduct a Hearing

**LGE's Position**:  LGE contends, as set forth above, that this dispute should be fully briefed as a Motion to Compel, filed by LGE, pursuant to Civil L.R. 7-2, analogous to motions concerning infringement or invalidity contentions in patent cases.  *See* Judge DeMarchi's Standing Order § 4(i).  LGE will request a hearing on its formal motion.  As to this informal joint letter, LGE only requests a hearing if the Court is disinclined to authorize LGE's filing of a formal motion to compel.

**Alta's Position**: Alta contends that Alta's Trade Secret Identification is sufficient.   Alta initiated the discovery dispute resolution procedures for this dispute.  Accordingly, this dispute should be resolved by motion filed by Alta to deem its disclosure sufficient and/or for a protective order.  Alta requests a hearing as to this informal joint letter only in the event that the Court is inclined to allow LGE to file its motion concerning this dispute while disallowing Alta to file its motion.

### Discovery Cut-Off Dates for Fact and Expert Discovery

Pursuant to the Court's June 27, 2018 Case Management Order (D.N. 31), the close of fact discovery is August 1, 2019 and the close of expert discovery is October 3, 2019.

**Attestation of Compliance With Standing Order**

The Parties have complied with the requirement that lead counsel for the parties confer about the discovery dispute, via telephonic conference on August 15, 2018, attended by Steven Levitan, Christian Mammen and Alali Dagogo-Jack for LGE and by John O'Connor, Dirk van Ausdall, Benjamin Pekarek and Jessica Shafer for Alta.

**Specific Discovery Material at Issue**

The specific discovery material at issue is Alta's Identification of Trade Secrets Pursuant to Cal. C.C.P. §2019.210, dated July 16, 2018.  Pursuant to this Court's July 18, 2018 Order (D.N. 34), Alta has previously submitted its Identification of Trade Secrets for *in camera* review.  Rather than attaching the "highly confidential" Identification of Trade Secrets hereto and filing it under seal, the parties refer the Court to the previously-submitted copy.


Very truly yours,



/s/ Steven M. Levitan                     /s/ John D. O'Connor
Steven M. Levitan                         John D. O'Connor
Hogan Lovells US LLP                      O'Connor and Associates
650-463-4032                              415-693-9960
Attorneys for Defendant LG Electronics, Inc.   Attorneys for Plaintiff Alta Devices, Inc.