UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS, INC.,<br><br>    Defendant. | Case No. 18-cv-00404-LHK (VKD)<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXPERT DR. LEBBY**<br><br>Re: Dkt. No. 50 |

In this trade secret dispute, defendant LG Electronics, Inc. ("LGE") wishes to use Dr. Michael Lebby as an expert witness in this case. Plaintiff Alta Devices, Inc. ("Alta") objects to the disclosure of its highly confidential information to Dr. Lebby. The parties filed a joint discovery letter seeking resolution of this dispute. The Court finds this matter suitable for resolution without a hearing.

**I.  OBJECTIONS**

Alta objects to Dr. Lebby on two grounds. First, Alta argues that Dr. Lebby does not qualify as a permissible expert under section 2.7 of the protective order in this case because he used to work for Translucent, which Alta claims is one of its competitors, and because Alta expects he will become an employee in the future of IQE, which Alta says is another one of its competitors. Dkt. No. 50 at 5. Second, Alta says that because Dr. Lebby is required to cooperate with IQE in connection with the prosecution of patents in the same field as the prosecution bar, disclosure of Alta's protected material to him creates a substantial risk of disclosure or misuse of Alta's protected material. *Id.* at 6. Alta bears the burden of proving that the risk of harm that the disclosure would entail outweighs LGE's need to disclose the protected material to Dr. Lebby. Dkt. No. 41, sec. 7.4(c).

## II. DISCUSSION

### A. Dr. Lebby's Past and Future Employment

Under section 2.7 of the protective order, an expert to whom a party wishes to disclose another party's protected material may not be a past or current employee of a party or a party's competitor and, at the time the expert is retained, may not be anticipated to become an employee of a party or a party's competitor. *Id.*, sec. 2.7. Dr. Lebby meets these criteria.

LGE represents, without contradiction, that when Dr. Lebby worked for Translucent from 2010 to 2013, that company did not manufacture gallium arsenide (GaAs) thin film solar cells, and that the company is no longer in business. Dkt. No. 50 at 3. In response, Alta says only that Translucent was a competitor of Alta "in the development of photovoltaic devices." *Id.* at 5. Given the nature of the alleged trade secrets at issue, which informed the Court's prior decision on the scope of the prosecution bar (section 8), the Court finds that Alta defines "competitor" too broadly. Dr. Lebby's past employment with Translucent is not disqualifying because Translucent was not a competitor of Alta for purposes of section 2.7 of the protective order.

Alta observes that IQE acquired or exclusively licensed Translucent's patent portfolio, including patents and patent applications on which Dr. Lebby is a named inventor, and is therefore also a competitor of Alta. Alta anticipates that Dr. Lebby will become an employee of IQE because IQE acquired Translucent's patent portfolio, other former employees of Translucent have gone to work for IQE, some of these former employees are co-inventors with Dr. Lebby on some of the acquired patents, and Dr. Lebby has a continuing obligation to cooperate with IQE in the prosecution of patents on which he is a named inventor. *Id.* at 5-6. LGE acknowledges that Dr. Lebby consulted for IQE for three months, but says that he has no present or contemplated employment relationship with IQE. None of Alta's assertions supports the inference that Dr. Lebby is anticipated to become an employee of IQE in the future. In addition, its assertions that IQE is a competitor of Alta appear to be based solely on Alta's acquisition of certain patent rights from Translucent rather than any information about IQE's business. For this reason, Alta also has not shown that IQE is a competitor of Alta for purposes of section 2.7.

2

## B. Dr. Lebby's Patent Prosecution Obligations and Ongoing Work

Alta claims that Dr. Lebby's ongoing work "in the field of photovoltaic device manufacturing using MOCVD processes involving GaAs creates a substantial risk of disclosure or use of Alta's Protected Material," if he is permitted access to such material. Dkt. No. 50 at 6. According to Alta, Dr. Lebby's work includes his obligation to cooperate in the prosecution of Translucent patents and patent applications on which Dr. Lebby is a co-inventor and which are now owned by IQE. In addition, Alta cites Dr. Lebby's expertise in the field, the large number of patents on which he is an inventor, and his history as a "serial entrepreneur" as posing particular risks to Alta's protected material. *Id.* at 7.

LGE points out that the protective order refers to "the manufacture of gallium arsenide thin-film solar cells" as the relevant subject matter for purposes of the prosecution bar—not photovoltaic device manufacturing generally. LGE argues that none of the patents or patent applications on which Dr. Lebby is a named inventor relate to the manufacture of GaAs thin film solar cells, and explains how the subject matter of his prior work differs from the manufacture of GaAs thin film solar cells. LGE further argues that Dr. Lebby's obligation to assist IQE in the prosecution of the Translucent patents and patent applications is the usual obligation to cooperate that typically accompanies an inventor's assignment of rights and does not require the disclosure of any non-public information he may learn in confidence. *Id.* at 4.

An expert's obligations to assist with the prosecution of pending patent applications may well place him or her in a position where exposure to non-public information of another party could result in the inadvertent use of such information in aid of that patent prosecution. Likewise, an expert's ongoing work and professional obligations may create a similar risk of inadvertent use or disclosure. But here, the risk of improper use or disclosure is low for several reasons.

First, the Court is not persuaded that the Translucent patents and patent applications on which Dr. Lebby is a named inventor are so close to the subject matter of Alta's alleged trade secrets that Dr. Lebby could not help but misuse Alta's protected material in those applications. Alta does not explain how "photovoltaic device manufacturing using MOCVD processes involving GaAs" compares to the manufacture of gallium arsenide thin-film solar cells, and Alta

3

does not dispute LGE's explanation of the differences between the two. Dr. Lebby's patents and patent applications do not appear to concern the manufacture of GaAs thin film solar cells, and Dr. Lebby is not engaged in the kind of activity that falls under the prosecution bar.

Second, Alta's suggestion that Dr. Lebby has a contractual obligation to disclose to IQE any technology improvements of which he learns, from whatever source, even if he learns those improvements in confidence and subject to a court order not to disclose the information in this case, is simply not plausible. Rather, Dr. Lebby's obligations appear to be the usual obligations of an assignee to cooperate in prosecution and disclose information bearing on his own inventions.

Finally, the Court is not persuaded that Dr. Lebby's proficiency and expertise in the field of photovoltaic devices and related technologies makes disclosure of Alta's protected material especially hazardous. To the contrary, in addition to signing Exhibit A to the protective order and agreeing to be bound by its terms, including the prosecution bar, LGE represents that Dr. Lebby is prepared to submit a declaration attesting that:

1. he has no ongoing work in the field of GaAs thin film solar cell manufacturing;
2. he has no present or contemplated employment relationship or affiliation with Translucent or IQE; and
3. he will not work in the field of GaAs thin-film solar cell manufacturing until two years after final termination of this action.

*Id.* at 4. Moreover, LGE has provided specific reasons supporting its need for Dr. Lebby and the difficulty it has already experienced retaining a qualified expert for this case. Alta's claim that there are a number of other qualified experts available to LGE is not supported.

## III. CONCLUSION

Having considered the parties' joint submission, the Court finds that LGE's need to retain Dr. Lebby as an expert in this case outweighs any risk of harm from disclosure of Alta's protected material to Dr. Lebby, and that such risk is mitigated by the commitment Dr. Lebby has made and is willing to make. Dr. Lebby may be designated an expert for LGE under the protective order, and is authorized to have access to Alta's protected material immediately. Within 10 court days of this order, Dr. Lebby must file with this Court a declaration attesting to the three matters set forth

4

in the preceding paragraph.

**IT IS SO ORDERED.**

Dated: October 16, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge