UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., <br><br> Defendant. | Case No.18-cv-00404-LHK (VKD) <br><br> **REDACTED** <br> **ORDER RE LG ELECTRONIC'S MOTION TO COMPEL RE ALTA DEVICES' TRADE SECRETS IDENTIFICATION** <br><br> Re: Dkt. No. 58 |

## I.  INTRODUCTION

Plaintiff Alta Devices ("Alta Devices") sues for alleged trade secret misappropriation, claiming that it is the first to develop a thin-film solar technology using Gallium Arsenide ("GaAS") for commercially viable use. Alta Devices contends that defendant LG Electronics, Inc. ("LGE") expressed an interest in investing in Alta Devices, conditioned on a due diligence review of Alta Devices' manufacturing process, as a pretense for obtaining Alta Devices' know-how and other confidential or proprietary information, and that LGE intended to develop its own manufacturing capabilities using Alta Devices' claimed trade secrets. Dkt. No. 77. Alta Devices asserts claims for trade secrets misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. and the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, *et seq*., as well as claims for breach of contract, violation of Cal. Bus. & Prof. Code § 17200, and for declaratory judgment. *Id.*

On July 16, 2018, Alta Devices served its "Identification of Trade Secrets Pursuant to Cal. C.C.P. § 2019.210" ("Trade Secrets Identification"). LGE now moves to compel Alta Devices to disclose the claimed trade secrets with more particularity, contending that the Trade Secrets

Identification is deficient in several respects. Although Alta Devices has since amended its Trade Secrets Identification to make certain non-substantive changes, LGE bases its motion on the original Trade Secrets Identification served on July 16, 2018. *See* Dkt. No. 58; Dkt. No. 64-1. This order addresses Alta Devices' original identification and memorializes the Court's views as discussed at the December 4, 2018 motion hearing.

Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants LGE's motion to compel.

## II. LEGAL STANDARD

California Code of Civil Procedure § 2019.210[1] provides that in an action alleging the misappropriation of trade secrets under CUTSA, "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. C.C.P. § 2019.210. Section 3426.5 of the California Civil Code, in turn, permits a court to enter appropriate orders to preserve the confidentiality of an alleged trade secret. Cal. Civ. Code § 3426.5.

The "reasonable particularity" required by C.C.P. § 2019.210 should be viewed in light of the purposes of the statute:

> First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.

*Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App.4th 826, 833-34 (2005) (citation omitted). *See also Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016) (same). Thus, a plaintiff is required "to identify or designate the trade secrets at issue with

---

[1] The parties acknowledge that courts within this district have concluded that section 2019.210 properly may be applied and enforced in federal litigation. *See, e.g., Swarmify, Inc. v. Cloudfare, Inc.*, No. 17-cv-06957 WHA, 2018 WL 2445515, at *2 (N.D. Cal., May 31, 2018); *Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 WL 9269758, at *3 (N.D. Cal., Dec. 21, 2015).

2

'sufficient particularity' to limit the permissible scope of discovery by distinguishing the trade secrets 'from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'" *Advanced Modular*, 132 Cal. App.4th at 835 (quoting *Imax Corp. v. Cinema Techs, Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998)). Even so, compliance with the particularity requirement "does not require the designation itself to detail how the trade secret differs from matters of general knowledge in the trade." *Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-PJH, 2018 WL 2117379, at *2 (N.D Cal., May 8, 2018). "Instead, § 2019.210 'was intended to require the trade secret claimant to identify the alleged trade secret with adequate detail to allow the *defendant* to *investigate* how it might differ from matters already known and to allow the court to craft relevant discovery.'" *Id*. (quoting *Brescia v. Angelin*, 172 Cal. App.4th 133, 147 (2009)).

"'Reasonable particularity' mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation." *Advanced Modular*, 132 Cal. App.4th at 835. "Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence." *Id*. at 835-36. Rather, "reasonable particularity" means that:

> the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational[,] under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.

*Id*. at 836 (citing *City of Santa Cruz v. Municipal Court*, 49 Cal.3d 74, 90 (1989)).

"The degree of 'particularity' that is 'reasonable' will differ, depending on the alleged trade secrets at issue in each case." *Id*. For example, where "the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field." *Id.* However, "at this very preliminary stage of the litigation, the proponent of the alleged trade secret is not required, on pain of dismissal, to describe it with the greatest degree of particularity possible, or to reach such an

3

exacting level of specificity that even its opponents are forced to agree the designation is adequate." *Id*. "What is required is not absolute precision, but 'reasonable particularity.'" *Id*.

In assessing the adequacy of a trade secret disclosure, "the designation should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward." *Brescia*, 172 Cal. App.4th at 149. A court "must exercise its sound discretion in determining how much disclosure is necessary to comply with section 2019.210 under the circumstances of the case." *Perlan Therapeutics, Inc. v. Super Ct.*, 178 Cal. App.4th 1333, 1349 (2009).

## III. DISCUSSION

The Court grants LGE's motion to compel as to the following matters:

### A. Form of Identification of Trade Secrets

LGE objects to the narrative form of Alta Devices' Trade Secrets Identification. While there is no requirement that Alta Devices use any particular form to identify its trade secrets, the narrative that Alta Devices uses does not satisfy the statutory requirement to identify the alleged trade secrets with reasonable particularity. The principle problem is that LGE's narrative disclosure is confusing. It refers to some of the same claimed trade secrets multiple times, but frequently the same claimed trade secret is described differently in different parts of the narrative, making it difficult for the reader to discern what the trade secret actually is. In addition, Alta Devices' narrative disclosure tends not to distinguish between what the trade secret *is* and what information was *disclosed* to LGE.

To comply with the requirements of C.C.P. § 2019.210, Alta Devices must describe what the trade secret is. In order to facilitate compliance with this requirement, the Court requires Alta Devices to amend its disclosure to identify each alleged trade secret as a separate item in list form.

### B. Documents Incorporated by Reference

LGE objects to Trade Secrets 3, 4, 4a, 5, 6, 35, 42-52 and 55 on the ground that each describes the alleged trade secret by referencing, in whole or in part, a separate document. Alta Devices does not respond specifically to LGE's objection on this ground.

As a general matter, identification of a trade secret may include a reference to a specific

document or portion of a document, so long as the trade secret is described with reasonable particularity. Here, Alta Devices' disclosures do not meet the particularity requirement.

For example, Trade Secret 51 is described as follows:

_____
_____

Dkt. No. 57-7. This disclosure does not identify the purported trade secret with reasonable particularity, in part because it is not clear whether all or only some of the "various" components and layers are claimed and whether the trade secret is limited to the particular structure or arrangement of components found in the cited document. If Alta Devices contends that specific components and layers ⸺⸺⸺⸺⸺⸺- are trade secrets, it must identify those components and layers. It may do so by reference to a document, if it wishes, so long as it is clear from the disclosure for this specific trade secret which components and layers (or their arrangement or structure) are claimed to be the trade secret. The other trade secrets suffer from similar problems.

Alta Devices must amend its disclosure to identify these trade secrets with reasonable particularity, with or without reference to a separate document.

### C. Catch-All Categories

LGE objects to Trade Secrets 1 and 9a[2] on the ground that they essentially claim, generically, any non-public information relating to GaAs-based solar cells and modules that Alta Devices ever disclosed to LGE. These trade secrets have been described publicly by Alta Devices as follows:

> Trade Secret 1: "everything about Alta's technology not publicly revealed" and "[i]n total and as a whole, the research and development information provided by Alta to LGE constitutes trade secret information."
>
> Trade Secret 9a: "technologies relating to GaAs-based solar cells and modules."

Dkt. No. 58 at 6; Dkt. No. 67 at 11. LGE contends that Alta Devices has adopted a "catch-all" approach that does not identify any trade secrets with reasonable particularity. Alta Devices

---

[2] Identified as Trade Secret 9 in Alta Devices' original identification, this claimed trade secret has since been re-numbered as Trade Secret 9a.

5

responds that because it has limited these alleged trade secrets to any non-public information actually disclosed to LGE, LGE has sufficient notice of what the claimed trade secrets are.

LGE is correct. Generic, catch-all disclosures such as these do not describe the claimed trade secrets with reasonable particularity. These alleged trade secrets do not merely require clarification. Rather, Trade Secrets 1 and 9a must be removed from Alta Devices' Trade Secrets Identification.

### D. Generic Descriptions

LGE objects to Trade Secrets 7-9 and 42-49 on the ground that they are merely generic descriptions of categories of technology. In addition, LGE argues that some of these trade secrets are described in terms of measurements, which are inherently not secret. Alta Devices responds that LGE itself has used these descriptions to describe categories of non-public information it obtained from Alta Devices and has thereby effectively acknowledged the sufficiency of these descriptions for the purpose of distinguishing the trade secrets at issue from other information relating to the technology.

Alta Devices' descriptions of these alleged trade secrets are not sufficient because they do not describe what the trade secret is, but only the category or categories in which the trade secret may be found. Among the most egregious examples is Trade Secret 9, which is described as "———————————————————————————." Dkt. No. 57-7. Perhaps there is something that qualifies as a trade secret that has to do with ——————————————— ————————, but Alta Devices must state with reasonable particularity what that trade secret is and not merely the category of technology in which that secret may be found. A less egregious example is Trade Secret 42, which is described as "——————————————————————— ———————————————————————————————————————————————————————— ——————————— has several subparts that refer to different measures of "———————--." If the claimed trade secret is limited to a particular measure of —————--, or to multiple particular measures, the requirement for reasonable particularity likely would be satisfied. However, as drafted, Alta Devices' identification of "various measures … including" is too vague to satisfy the particularity requirement. The other trade secrets suffer from similar deficiencies.

6

Alta Devices must amend its disclosure to identify these trade secrets with reasonable particularity, avoiding descriptions that rely on generic categories.

The Court does not decide LGE's further argument that any trade secrets expressed as measurements are not "secret" and cannot be trade secrets for that reason. This argument concerns the merits of Alta Devices' trade secret claim, which this Court does not address.

### E. Manufacturing Processes

LGE objects to Trade Secrets 2-4, 10-10c, 15, 16, 19, 21, 22, 24, 25, 26, 32, 36b, 39 and 52 on the ground that these alleged trade secrets are described merely as techniques, processes, and methods that produce certain results, which are not themselves secret. LGE contends that the disclosure fails to describe what the particular technique, process or method is, or how certain results were achieved. Alta Devices responds that its disclosure is sufficient for purposes of discovery, and emphasizes that the results it claims are, in fact, trade secrets because the fact of achieving the results is commercially valuable as proof of concept for the underlying technology.

LGE is correct that some of these trade secrets are not described with reasonable particularity. For example, Trade Secret 4 refers only to "manufacturing techniques and road map to improvement" and "manufacturing sequences, and methods." This disclosure does not identify what techniques, improvements, sequences or methods are claimed. Trade Secrets 2, 3, 16 and 22 suffer from similar problems, which must be addressed in an amended disclosure.

On the other hand, some of the other alleged trade secrets may be sufficiently particular, so long as Alta Devices reformulates the trade secrets to make clear what is claimed. *See* discussion of "narrative" v. "list" above. For example, Trade Secret 10a is described as "———————————————————————————————————————————————————————————————————————————————————————." If Alta Devices contends that this trade secret comprises benchmarks for ————————————--, and that the benchmark is the secret information from which Alta Devices derives commercial value, it must so state. A sufficient disclosure might look something like this:

- ————————————————————————-
- ————————————————————————
- ————————————————————

7

Conversely, if Alta Devices contends that the trade secret instead comprises some feature or features of its technology that permits it to achieve these benchmarks, then Alta Devices must disclose what that feature or features of the underlying technology is, and not just the benchmarks that it can achieve.[3]  Trade Secrets 10, 10b, 10c, 15, 25, 26, 32, 36b and 39 have deficiencies similar to those in Trade Secret 10a and require amendment.

Trade Secrets 19, 21, 24 and 52 also relate to Alta Devices' manufacturing processes, but these alleged trade secrets raise additional issues.  Trade Secret 19 is described as "—————————————————————-."  LGE objects that this purported trade secret is vague because it does not clearly state at what temperature or for what duration ——————————————-.  This objection is well-taken.  In reformulating this trade secret as an item on a list, Alta Devices should also ensure that the disclosure describes with reasonable particularity the parameters of the trade secret claimed.

Trade Secret 21 purports to describe a relationship between the speed of deposition of GaAs film and other factors: "————————————————————————————————————————————————————————."  LGE objects that this relationship is not sufficiently defined.  In reformulating this trade secret as an item on a list, Alta Devices should consider whether the claimed trade secret is a particular, mathematical relationship or simply a functional relationship, and revise its disclosure accordingly.

As currently drafted, Trade Secret 24 states: "————————————————————————————————————————————————————————————————————————————————————————————————————————————————————————————."  When reformulated as an item on list, Trade Secret 24 should identify the "processes" to which Alta Devices refers, but otherwise might require little additional amendment.

Finally, Trade Secret 52 purports to describe a "process flow."  LGE objects that the steps of the process flow are indicated by undefined abbreviations.  Alta Devices should address this

---

[3] The Court does not decide whether, as Alta Devices contends, "benchmarks" such as these qualify as trade secrets.  That is a question on the merits.

8

objection in an amended disclosure that makes clear what each step of the claimed process flow is. Otherwise, this trade secret does not require amendment.

### F. Compositions

LGE objects that Trade Secrets 53 and 54 purport to claim certain "compositions" as trade secrets but they do not disclose what the compositions are. Alta Devices contends that because the trade secrets refer to the composition of particular components of its technology, namely, ——— ————————————————————————, they are described with reasonable particularity.

The Court agrees with LGE that Alta Devices' current disclosures are not sufficient to put LGE on notice of what trade secrets are at issue. If Alta Devices contends that the entire composition of ————————————————————————-- and the entire composition of its ————-- are trade secrets, then it must so state and it must identify those compositions in a manner that distinguishes them from what is already known. If, on the other hand, Alta Devices contends that its claimed compositions contain particular ingredients or combinations of ingredients that distinguish them from known compositions, it should so state.

In any event, Alta Devices must amend its disclosure to more particularly describe the composition trade secrets.

### G. Apparatus Design and Deposition Technology

LGE objects to Trade Secrets 11, 20, 23, 28, 30, 31, 33, 36a, 37 and 56 on the ground that they are not sufficiently described in a manner that distinguishes them from what is already known. Alta Devices responds that C.C.P. § 2019.210 does not require it to explain how the claimed trade secrets differ from what already is known.

The Court agrees with Alta Devices that it need not prove its case on the merits to satisfy the reasonable particularity standard. However, Alta Devices does have an obligation to identify with reasonable particularity what the claimed trade secret is so that LGE may investigate whether the claimed trade secret is already known.

For these trade secrets, it is difficult to discern what is claimed. For example, Trade Secret 11 states: "———————————————————————————————————————— ————————————————————————————--" It is not clear whether Alta Devices'

trade secret is the entire design of a ———————--, or specifically ——————————
————————————————, or more specifically ——————————————————
————————————-. Each of these trade secrets suffers from a similar lack of clarity about what is claimed.

Alta Devices must amend its disclosure to make clear what it claims each trade secret is.

### H. Business Information and Metrics

LGE objects to Trade Secrets 3, 4, 4a and 55 on the ground that, as drafted, none describe any confidential business information that differs from what is already known. Alta Devices responds that these alleged trade secrets concern information that is both confidential and competitively valuable.

While Alta Devices is correct that confidential business information may constitute a trade secret, it also acknowledges that, as currently drafted, Trade Secrets 3, 4 and 4a are not confidential. In addition, each of these trade secrets and trade secret 55 refers to documents separate from and cited in Alta Devices' trade secrets disclosure.

The Court expects that once these trade secrets are reformulated and amended as directed above, the deficiencies LGE notes may be addressed.

## IV. CONCLUSION

LGE's motion to compel is granted. No later than **January 25, 2019**, Alta Devices shall serve on LGE an amended Trade Secrets Identification that addresses the deficiencies the Court discusses above. In the future, if Alta Devices wishes to make further substantive amendments to its Trade Secrets Identification beyond the amendments compelled by the present order, Alta Devices must first seek leave of Court, absent the parties' mutual agreement to the proposed amendment(s).

**IT IS SO ORDERED.**

Dated: January 10, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge