UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>Defendant. | Case No. 18-cv-00404-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI CUSTODIANS**<br>Re: Dkt. No. 90 |

Plaintiff Alta Devices, Inc. ("Alta Devices") seeks an order requiring defendant LG Electronics, Inc. ("LGE") to conduct searches for responsive electronically stored information ("ESI") in the custodial files of 33 LGE custodians. LGE opposes this request, and argues that custodial ESI searches should be limited to 8-10 custodians.

Alta Devices emphasizes that the information it needs to prove trade secret misappropriation by LGE is almost entirely in LGE's possession. Alta Devices has assembled a list of names of the current and former LGE employees and agents that it believes played some role in the alleged misappropriation based on interactions between Alta Devices and LGE.

LGE counters that the discovery Alta Devices seeks is not proportional to the needs of the case. In particular, LGE points out that several of the 33 custodians have, at best, only limited involvement in events or conduct relevant to the case. In addition, LGE says that collecting ESI from 33 custodians will be unduly burdensome for several reasons, including the location of the information and the sheer number of custodians. Finally, LGE argues that three proposed custodians are senior executives with significant responsibilities, and that they are entitled to the protection of the "apex" doctrine. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263-64 (N.D. Cal. 2012) (describing purpose of doctrine and its application with respect to depositions).

Alta Devices' demand for ESI discovery from 33 custodians is not proportional to the needs of this case. Based on Alta Devices own discussion of relevance, it appears that the several of the proposed LGE custodians are on Alta Devices' list because they expressed interest in or requested information, and not because there is a factual basis to believe they actually obtained, used, or disclosed Alta Devices' trade secret information. However, the Court disagrees with LGE that simply because a prospective custodian happens to be a senior executive, such custodian is not subject to collection of responsive ESI.

Alta Devices may obtain custodial ESI discovery from no more than 10 LGE custodians, subject to the following guidelines:

1. Alta Devices may elect to obtain ESI from any custodian identified in LGE's initial disclosures.
2. Alta Devices may not obtain ESI from any custodian whose only known involvement in the matter is the setting up of a meeting, the expression of interest in a meeting or in obtaining information, or the negotiation of an NDA.
3. Alta Devices may elect to obtain ESI from a custodian who is a senior executive, if Alta Devices has a factual basis to believe that such senior executive has relevant information. Based on the parties' joint submission, it appears that Alta Devices does not have a factual basis to obtain ESI discovery from Skott Ahn.
4. In selecting custodians, Alta Devices should consider carefully LGE's representations about the futility of a custodial search for ESI of former employees for whom LGE represents it has no such information.

This order is without prejudice to Alta Devices' ability to move for ESI discovery from additional LGE custodians, based on a showing of good cause. However, in evaluating any such further request, the Court will consider shifting the cost of such collection to Alta Devices.

**IT IS SO ORDERED.**

Dated: February 20, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2