UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC., | Case No. 18-CV-00404-LHK |
| Plaintiff, | |
| | **ORDER GRANTING WITH PREJUDICE IN PART AND DENYING IN PART MOTION TO DISMISS CORRECTED AMENDED COMPLAINT** |
| v. | |
| LG ELECTRONICS, INC., | |
| Defendant. | Re: Dkt. No. 81 |

Plaintiff Alta Devices, Inc. ("Alta") filed this suit against LG Electronics, Inc. ("LGE") that claims that LGE misappropriated its trade secrets. Before the Court is LGE's motion to dismiss Alta's corrected amended complaint. Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS with prejudice in part and DENIES in part LGE's motion to dismiss the corrected amended complaint.

## I.    BACKGROUND

### A.  Factual Background

Plaintiff Alta is a corporation that was founded in 2008 in Silicon Valley. ECF No. 77 ("CAC") ¶¶ 1, 8. As of 2011, Alta was the world's only known manufacturer of thin-film solar

1

technology using Gallium Arsenide ("GaAs") for widespread commercial use. *Id.* ¶¶ 7–10. Such technology allows devices coated in the thin GaAs solar film to be "powered by this independent energy source." *Id.* ¶ 9.

Defendant LGE is a Korean company and one of the world's largest electronics manufacturers. *Id.* ¶¶ 2, 38. In 2011, LGE heard about Alta's thin GaAs solar film technology and expressed an interest in Alta. *Id.* ¶¶ 38–40. However, Alta alleges that in reality, LGE had, from the beginning of the parties' relationship, an intention to evaluate Alta's technology for possible misappropriation, which LGE concealed from Alta. *Id.* ¶¶ 14, 19, 41, 51. In early June of 2011, Alta and LGE entered into discussions regarding possible investment or other business opportunities related to Alta's technology. *Id.* ¶ 40.

On June 13, 2011, Alta and LGE entered into a mutual non-disclosure agreement ("2011 NDA," or "Agreement") that prohibited both parties from disclosing or using "Confidential Information" disclosed by the other party in connection with discussions regarding the potential business opportunities. *Id.* ¶ 41. The 2011 NDA defined Alta's confidential information and stated that "the Confidential Information is proprietary to the disclosing party [(Alta)], has been developed and obtained through great efforts and expense by the disclosing party, and that disclosing party regards all of its Confidential Information as trade secrets." *Id.* ¶¶ 42–43 (quoting CAC, Ex. A ("2011 NDA") ¶ 1(i)). Relevant for purposes of the instant motion, the 2011 NDA provides that two terms are covered under Section 5 of the 2011 NDA: (1) "the time for the parties' disclosure of Confidential Information," and (2) "the duration of the duty to hold in confidence the Confidential Information disclosed." *Id.* ¶ 45 (citing 2011 NDA ¶ 5). The text of Section 5 of the 2011 NDA specifically provides:

> **Term.** The term for the parties' disclosure of Confidential Information under this Agreement ("Disclosure Period") shall be one (1) year (extendable by addendum) from the Effective Date. The parties' duty to hold in confidence Confidential Information that was disclosed during the Term shall survive for an additional three (3) years after the expiration of this Agreement.

2011 NDA ¶ 5. The 2011 NDA further provides in Section 6 that upon the request of the

2

disclosing party, the

> [r]eceiving party shall immediately return and redeliver to the disclosing party, all tangible material embodying the Confidential Information provided hereunder, and all notes, summaries, memoranda, drawings, manuals, records, excepts [sic], or derivative information derived therefrom, and all other documents or materials ("Notes") (and all copies of any of the foregoing, including but not limited to "copies" that have been converted to computerized media in the form of image, data, or word processing files either manually or by image capture) based on or including any Confidential Information, in whatever form of storage or retrieval, upon the earlier of (i) the completion or termination of the dealings between the parties contemplated hereunder; (ii) the termination of this Agreement; or (iii) at such time as the disclosing party may so request. . . .

CAC ¶ 46 (quoting 2011 NDA ¶ 6).

The corrected amended complaint alleges that as a result of the 2011 NDA, LGE gained information "showing the financial and technical feasibility of the mass-production of Alta Devices' solar film technology, testing information, and plans for improvement, as well as other Confidential Information." *Id.* ¶ 50.

On October 31, 2011, LGE visited Alta to learn more about Alta's technology, through which LGE gained additional confidential information. *Id.* The corrected amended complaint alleges that "[b]y November 7, 2011, [LGE] intentionally began to plan how to develop in-house Alta's technology, by using trade secrets fraudulently acquired from Alta through its misappropriation." *Id.* Further, the corrected amended complaint alleges that LGE represented an intention to invest in Alta in order to obtain more trade secret confidential information. *Id.* ¶ 51. Alta maintains that this representation led to LGE seeking and receiving further detailed information about the techniques and processes involved in the actual manufacturing of the solar film developed by Alta. *Id.* ¶¶ 51–55. However, after receiving this confidential information from Alta, LGE declined to make binding its previous tentative investment offer. *Id.* ¶ 56.

In late 2013 and early 2014, LGE posed as a potential costumer interested in purchasing thin GaAs solar film for incorporation onto its manufactured mobile devices and sought and received a sample of Alta's thin GaAs solar film for testing its "charging efficiency." *Id.* ¶ 64.

United States District Court
Northern District of California

LGE then used this material for technical analysis and reverse engineering to assist LGE in developing its own manufacturing process. *Id.* LGE then developed its manufacturing capabilities using Alta's confidential information and is now producing very similar thin GaAs solar film while moving toward full-scale, mass-commercialized economical production. *Id.* ¶ 17. LGE is currently marketing its thin GaAs solar film that Alta alleges is manufactured using Alta's confidential information. *Id.* ¶ 18.

On September 3, 2014, LGE and Alta entered into a second, separate non-disclosure agreement (the "2014 NDA") regarding disclosure of technology and materials for mobile devices. *Id.* ¶ 48 n.1; *see also* ECF No. 82-2, Ex. B ("2014 NDA").[1] Alta explains that the confidential information disclosed pursuant to the 2014 NDA is not the subject of the claims in the instant action. *Id.*

The corrected amended complaint alleges that Alta only learned of LGE's misappropriation of Alta's trade secrets in mid-2016. *Id.* ¶ 65. Publications produced by LGE described solar cell structures manufactured using similar manufacturing techniques as Alta's, and an LGE patent application appears to incorporate similar aspects of Alta's production process and tooling. *Id.* ¶¶ 66–72.

As a result, in August 2016, Alta sought reassurances from LGE and requested that LGE return Alta's confidential information pursuant to the 2011 NDA. *Id.* ¶¶ 74–83. LGE refused to return all of Alta's confidential information. *Id.* ¶¶ 77, 86. LGE also "unintentionally discarded" two of the five solar cell samples it had received from Alta. *Id.* ¶ 87. Moreover, the materials LGE did return had redacted summaries and analysis of Alta's confidential information, and that much of the production "consisted of many LG[E]-branded documents that appeared to be presentations summarizing the results of LG[E]'s testing, analysis, use and study of Alta's Confidential

---

[1] A court may consider documents that were referenced but not attached to the complaint for purposes of deciding a Rule 12(b)(6) motion. *Davis v. HSBC Bank Nev., NS.*, 691 F.3d 1152, 1159–60 (9th Cir. 2012); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

4

Information." *Id.* ¶¶ 59–63, 77.

LGE is now marketing a very similar thin GaAs solar film technology in competition with Alta. *Id.* ¶ 18. LGE claims that it is offering the same technology at lower prices, thereby "passing off" Alta's technology as its own. *Id.* ¶¶ 18–19, 120, 123–24. The corrected amended complaint alleges that LGE's use of Alta's trade secrets has diminished and may destroy the market for Alta's proprietary product and that Alta's very existence is threatened by LGE's use of Alta's confidential information obtained under the 2011 NDA. *Id.* ¶¶ 20–21; 90–92.

**B. Procedural History**

Alta filed its original complaint on January 18, 2018. *See* ECF No. 1 ("Compl."). Alta's complaint asserted five claims for relief. First, Alta claimed that LGE misappropriated Alta's trade secrets in violation of 18 U.S.C. § 1836, *et seq*, the Defend Trade Secrets Act ("DTSA"). *Id.* ¶¶ 92–102. Second, Alta claimed that LGE misappropriated Alta's trade secrets in violation of California Civil Code § 3426, *et seq*, the California Uniform Trade Secrets Act ("CUTSA"). *Id.* ¶¶ 103–11. Third, Alta brought a breach of contract claim, arguing that LGE breached the 2011 NDA. *Id.* ¶¶ 112–18. Fourth, Alta alleged violations of California Bus. & Prof. Code. § 17200, *et seq*, California's Unfair Competition Law ("UCL"), under the unlawful, unfair and fraudulent prongs. *Id.* ¶¶ 119–24. Finally, Alta sought a declaratory judgment affirming that LGE breached its duties under the 2011 NDA and used Alta's confidential information in such breach. *Id.* ¶¶ 125–30.

On June 18, 2018, LGE filed its motion to dismiss Alta's original complaint. ECF No. 26. Alta opposed on July 16, 2018. ECF No. 33. LGE replied on August 6, 2018. ECF No. 42.

On October 17, 2018, the Court granted in part and denied in part LGE's motion to dismiss Alta's original complaint. ECF No. 55 ("October 17, 2018 Order"). In particular, the Court denied LGE's motion to dismiss Alta's DTSA and CUTSA claims. *Id.* at 7–18. Next, the Court granted with prejudice LGE's motion to dismiss Alta's claim for breach of contract based on LGE's failure to return information disclosed under the 2011 NDA for being barred by the statute of

limitations. *Id.* at 18–22.  However, the Court denied LGE's motion to dismiss Alta's claim for breach of contract based on LGE's misuse of confidential information. *Id.* at 22. The Court next granted LGE's motion to dismiss Alta's UCL claim for being superseded by Alta's CUTSA trade secret misappropriation claim. *Id.* at 24–25. The Court granted Alta leave to eliminate the trade secret misappropriation allegations and to set forth more clearly a basis for the UCL claim that is not superseded by the CUTSA. *Id.* Finally, as to Alta's declaratory judgment claim, the Court denied LGE's motion to dismiss the entirety of the declaratory judgment claim. *Id.* at 25–27. Instead, the Court granted LGE's motion to dismiss with prejudice to the extent the declaratory judgment claim relied on Alta's breach of contract claim based on failure to return confidential information. *Id.* The Court granted without prejudice LGE's motion to dismiss the declaratory judgment claim in so far as it relies on Alta's UCL claim. *Id.* at 26–27. Specifically, the Court granted "leave to amend to eliminate trade secret misappropriation allegations and to set forth more clearly a basis for a declaration as to LGE's unfair, unlawful, or fraudulent business acts and practices." *Id.*

On November 16, 2018, Alta filed its amended complaint. ECF No. 72. On November 26, 2018, the parties filed a stipulated request for an order permitting Alta to file a corrected first amended complaint. ECF No. 75. Specifically, Alta presented that "upon further review following its November 16, 2018 filing, Alta would like to file a Corrected First Amended Complaint in further response to the Court's [October 17, 2018] Order." *Id.* The Court granted the parties' stipulation on November 27, 2018. ECF No. 76. On November 27, 2018, Alta filed its corrected amended complaint, which is the current operative complaint. *See* CAC.

Alta's corrected amended complaint reasserts Alta's five claims: (1) trade secret misappropriation in violation of the DTSA; (2) trade secret misappropriation in violation of the CUTSA; (3) breach of contract; (4) violations of the UCL; and (5) declaratory judgment. *See id.*

On December 14, 2018, LGE filed the instant motion to dismiss the corrected amended complaint. ECF No. 81 ("Mot."). On January 4, 2019, Alta filed its opposition. ECF No. 85

6

("Opp'n"). On January 16, 2019, LGE filed its reply. ECF No. 88 ("Reply").

## II.    LEGAL STANDARD

### A.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B.  Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)

Case No. 18-CV-00404-LHK
ORDER GRANTING WITH PREJUDICE IN PART AND DENYING IN PART MOTION TO DISMISS
CORRECTED AMENDED COMPLAINT

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Specifically, the Ninth Circuit has held that averments of fraud "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id.* at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Alta's corrected amended complaint asserts five causes of action: (1) trade secret

misappropriation in violation of the DTSA; (2) trade secret misappropriation in violation of the CUTSA; (3) breach of contract; (4) violations of the UCL; and (5) declaratory judgment. *See* CAC.

LGE argues that several of Alta's amendments in its corrected amended complaint were unauthorized by the Court. Mot. at 18–19. LGE additionally argues that Alta's UCL claim should be dismissed either for CUTSA supersession or because the UCL fraud allegations fail to meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Mot. at 4–11. LGE argues next that Alta has failed to amend its declaratory judgment claim to demonstrate that the claim, to the extent it is based on the UCL, is not superseded by the CUTSA. Mot. at 11. LGE also argues that Alta's CUTSA and DTSA claims fail as the allegations in the corrected amended complaint make clear that both claims are time barred. Mot. at 12–18. Finally, LGE argues in a footnote that Alta's remaining allegations of fraud in the corrected amended complaint, paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, 64, 97, 98, 104, and 107, should be dismissed for failure to satisfy the pleading requirements in Rule 9(b). Mot. at n.5. The Court discusses these arguments in turn.

### A. Alta's Amendments in its Corrected Amended Complaint Were Proper

As an initial matter, LGE argues that Alta's corrected amended complaint includes amendments that were not authorized by the Court. Mot. at 18–19; Reply at 13–15. Specifically, LGE objects to Alta's addition of several new allegations and theories in support of Alta's claims. Mot. at 18–19. The Court disagrees. The Court's October 17, 2018 Order instructed that "Alta may not add new causes of action or new parties without stipulation or leave of the Court." October 17, 2018 Order at 28. Alta amended its complaint and added no new causes of actions or new parties. Therefore, Alta's amendments were not in violation of the Court's October 17, 2018 Order. The Court thus DENIES LGE's motion to dismiss on this ground.

### B. UCL, Cal. Bus. & Prof. Code § 17200 Claim

Alta's fourth claim is brought under the UCL. CAC ¶¶ 119–24. The UCL creates a cause

9

of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Bus. & Prof. Code. § 17200. Each "prong of the UCL [provides] a separate and distinct theory of liability." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). LGE argues that Alta's UCL claim fails because it is superseded by the CUTSA. Mot. at 4–8. In addition, LGE argues that Alta's UCL claim fraud prong allegations fail to meet the heightened pleading standard required by Rule 9(b). Mot. at 8–11. For the reasons given below, the Court agrees that Alta's UCL claim is superseded by the CUTSA, and therefore the Court need not discuss LGE's argument regarding Alta's UCL claim fraud prong allegations.[2] Below, the Court first discusses the Court's October 17, 2018 Order on the motion to dismiss the original complaint before turning to the UCL claim in the corrected amended complaint.

### 1. The October 17, 2018 Dismissed Alta's UCL Claim with Leave to Amend

In the October 17, 2018 Order, the Court first reviewed the law on CUTSA supersession. *See* October 17, 2018 Order at 24. Specifically, "[u]nder California law, CUTSA provides the exclusive civil remedy for conduct falling within its terms and supersedes other civil remedies based upon misappropriation of a trade secret. It therefore supersedes claims—including Section 17200 claims—based on the same nucleus of facts as trade secret misappropriation." *Waymo LLC v. Uber Tech., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017) (citations omitted) (emphasis added); Cal. Civ. Code. § 3426.7; *see also SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2013 WL 6160472, at *3 (N.D. Cal. Dec. 11, 2012) ("If there is no material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in a different claim, the [C]UTSA claim preempts the other claim.") (citations omitted). The savings clause does not affect "contractual remedies" and "civil remedies "that are not based upon misappropriation of a trade

---

[2] Nonetheless, LGE argues that "[e]ven if the [UCL] claim is dismissed based on CUTSA supersession, all remaining allegations of fraud in the [corrected amended complaint] (¶¶ 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, 64, 97, 98, 104, 107), no matter what section of the [corrected amended complaint] they appear in, should likewise be dismissed for failure to satisfy Fed. R. Civ. P. 9(b). *see* Opp'n at 11 n.5. The Court addresses this argument in Section III.E. of the instant Order.

secret." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 233 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). "At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Waymo LLC*, 256 F. Supp. 3d at 1062 (citation omitted).

In the October 17, 2018 Order, the Court found that Alta's UCL claim was superseded because it was directly dependent on trade secret misappropriation allegations. October 17, 2018 Order at 24. For instance, Alta had alleged that LGE "engaged in unlawful, unfair, and/or fraudulent business acts and practices. Such acts and practices include, but are not limited to, misappropriating [Alta's] proprietary, trade secret and Confidential Information." *See id.* at 24 (citing Compl. ¶ 120). The Court therefore granted LGE's motion dismiss Alta's UCL claim. *Id.* at 25. The Court granted leave to eliminate the trade secret misappropriation allegations and to set forth a basis for the UCL claim that is not superseded by CUTSA. *Id.* The Court warned that if Alta failed to cure the deficiencies identified in the October 17, 2018 Order, any deficient claims would be dismissed with prejudice. *Id.* at 28.

### 2. Alta's UCL Claim in the Corrected Amended Complaint

In its corrected amended complaint, Alta alleges that LGE's unlawful, unfair, and fraudulent acts and practices include, but are not limited to "acquir[ing] and us[ing]" as well as "obtaining [Alta's] proprietary and Confidential Information *other than Alta's trade secrets from Alta*, obtaining samples of Alta's materials not publicly available for purposes of reverse engineering by LG[E][,] and LG[E] passing off to the market as its own technology that which is truly owned by Alta." CAC ¶¶ 120, 123 (emphasis added). Alta also alleges that "[t]o the extent that LG[E]'s reverse engineering is not deemed misappropriation of Alta's trade secrets, such reverse engineering, as well as LG[E]'s passing off of Alta's technology as its own, constitutes unfair competition." *Id.* ¶ 123. After Alta amended its UCL claim in the corrected amended complaint, the parties continue to dispute whether Alta's amended allegations set forth a basis for

the UCL claim that is not superseded by the CUTSA.

As an initial matter, both parties agree that even claims based on non-trade secret confidential information are generally superseded by the CUTSA. Mot. at 4–6; Opp'n at 6; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th at 239 ("If the plaintiff identifies no property right outside of trade secrets law, then he has no remedy outside that law, and there is nothing unsound or unjust about holding other theories superseded."); *SunPower Corp.*, 2013 WL 6160472, at \*5 ("CUTSA supersedes claims based on the misappropriation of information, regardless of whether such information ultimately satisfies the definition of trade secret."); *Waymo LLC*, 256 F. Supp. 3d at 1063 ("Under *Silvaco*, however, CUTSA also supersedes claims based on alleged misappropriation of non-trade secret information unless some other provision of positive law grants a property right in that information."). Both parties also recognize that there are two exceptions to CUTSA supersession based on the misappropriation of non-trade secret confidential information: (1) where the claims "allege facts showing that the plaintiff's property right in the information at issue stems from some provision of positive law on grounds qualitatively different from grounds upon which trade secrets are considered property"; and (2) where the claims "allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA claim." *See Waymo LLC*, 256 F. Supp. 3d at 1063 (citations omitted); *see also SunPower Corp.*, 2013 WL 6160472, at \*9; Mot. at 7; Opp'n at 6.

Alta concedes that the first exception does not save its claim and instead argues that its UCL claim falls under the second "distinct wrongdoing" exception. Opp'n at 6. Even if Alta had not conceded the first exception, the Court would have found that the property right exception does not apply. For instance, nowhere in Alta's amended complaint or in the opposition does Alta define its "proprietary and Confidential Information other than Alta's trade secrets." *See* CAC ¶¶ 120 123, 126, 128. Indeed, the phrase "proprietary and Confidential Information other than Alta's trade secrets" does not make its first appearance until the portions of Alta's corrected amended complaint that set forth its specific UCL claim. *See id.* Therefore, not knowing what this

United States District Court
Northern District of California

information is, the Court cannot conclude that this information is deemed property by some law other than CUTSA. *See SunPower Corp.*, 2012 WL 6160472, at *9 (finding that the plaintiff never defined the term "non-trade secret proprietary information" in its complaint and that, "[g]iven the dearth of information concerning the nature of [plaintiff's] non-trade secret proprietary information, the Court cannot conclude that this information is made property by virtue of some law other than CUTSA.").

As to the second "distinct wrongdoing" exception, Alta argues that its UCL claim as amended is not superseded by the CUTSA because it is based on materially distinct wrongdoing, including (1) LGE obtaining samples from Alta for "reverse engineering" by falsely posing as an interested costumer in 2013–2014; and (2) LGE's publicly "passing off" Alta's technology as LGE's own. Opp'n at 7 (citing CAC ¶¶ 120, 123). LGE replies first, that "reverse engineering" and "passing off" are not the only wrongdoing used to support Alta's UCL claim and that the wrongdoing alleged in the UCL claim as a whole is not materially distinct from Alta's CUTSA claim. Reply at 2. Second, LGE argues that the reverse engineering and passing off allegations do not demonstrate that Alta's UCL claim is materially distinct from the CUTSA claim. *Id.* at 3–5. The Court agrees with LGE and discusses LGE's arguments in turn.

### a. Alta's UCL Claim as a Whole is Not Materially Distinct from the CUTSA Claim

First, the Court agrees with LGE that Alta has misrepresented its own pleading because the UCL claim is not limited to "reverse engineering" and "passing off." *See* Mot. at 2; *see also* CAC ¶ 120. Indeed, Alta alleges that the unlawful, unfair, and fraudulent acts and practices also include, but are not limited to "*acquir[ing] and us[ing]*" as well as "*obtaining* [Alta's] proprietary and Confidential Information other than Alta's trade secrets from Alta . . . ." CAC ¶¶ 120, 123 (emphasis added). Therefore, the course of conduct that Alta alleges in support of its UCL claim is broader than Alta's opposition acknowledges. Additionally, the relevant inquiry is not, as Alta asserts, whether the non-CUTSA claim requires the pleading of different facts *in addition* to the facts that support the CUTSA claim. *Compare SunPower Corp.*, 2012 WL 6160472, at *12, *with*

13

Opp'n at 6. Rather, the relevant inquiry is whether "there is a material distinction between the wrongdoing alleged in a CUTSA claim and that alleged in the non-CUTSA claim." *See SunPower Corp.*, 2012 WL 6160472, at *12 (citations and brackets omitted).

Reviewing Alta's UCL claim as a whole, the Court finds that Alta's UCL claim alleges substantially the same wrongdoing as alleged in Alta's CUTSA claim. Importantly, Alta's UCL claim alleges that LGE violated Alta's rights by acquiring through improper means or using without consent (*i.e.*, misappropriating)[3] Alta's proprietary information. A comparison of Alta's CUTSA claim and UCL claim underscores the similarities between the wrongdoing alleged for both claims. For instance, to support its trade secret misappropriation claim under the CUTSA, Alta alleges that it "owned and possessed certain proprietary, trade secret, and Confidential Information," and that LGE "misappropriated" Alta's "trade secrets through continuous fraudulent acquisition and continuous wrongful and fraudulent use and disclosures, and threatens to further misappropriate Alta Devices' trade secrets by both selling devices manufactured using Alta's proprietary, trade secret and confidential information, and by claiming as its own intellectual property devices and processes developed using such information." CAC ¶¶ 106, 107. Similarly, to support its UCL claim, Alta alleges that LGE, through fraud, "acquired and used Alta Device's proprietary and Confidential Information other than Alta's trade secrets, as well as samples of Alta's materials not publicly available" and that LGE is "passing off to the market as its own technology that which is truly owned by Alta." *Id.* ¶ 123. The conduct in both claims is, in essence, the same wrongdoing. *See, e.g.*, *See SunPower Corp.*, 2012 WL 6160472, at *13 (finding that the wrongdoing as was alleged in connection with the trade secret misappropriation claim was effectively the same wrongdoing as was alleged in connection with the non-trade secret claim, and therefore the non-trade secret claim was superseded). Moreover, it is telling that neither Alta's

---

[3] *See* Cal. Civ. Code § 3426.1 ("Misappropriation" means: (1) "Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means;" or (2) "Disclosure or use of a trade secret of another without express or implied consent").

corrected amended complaint nor Alta's opposition brief attempts to distinguish its "proprietary and Confidential [(non-trade secret)] Information" from its "proprietary, trade secret and Confidential Information." *See, e.g.*, *Waymo LLC*, 256 F. Supp. 3d at 1064 ("Tellingly, neither the amended complaint nor Waymo's opposition brief attempts to distinguish its trade secrets from non-trade secret "confidential information."). Indeed, Alta concedes this to some extent when Alta states (incorrectly) in its opposition that "Alta is not required to allege facts distinguishing its non-trade secrets information from its trade secrets." Opp'n at 9.

Further, Alta's UCL claim as a whole incorporated the same factual allegations regarding LGE's unauthorized acquisition and use of Alta's information as Alta's CUTSA claim. *See, e.g.*, CAC ¶¶ 19, 41, 64 (alleging facts regarding LGE's acquisition and use of Alta's information); *id.* ¶ 103 (incorporating "all preceding and foregoing allegations" of the complaint into Alta's CUTSA claim); *id.* ¶ 119 (incorporating the "preceding and foregoing allegations in paragraphs 1 through 92" into Alta's UCL claim); *See SunPower Corp.*, 2012 WL 6160472, at *13 (finding no material difference between the wrongdoing alleged in support of the plaintiff's trade secret claim and the wrongdoing alleged in support of plaintiff's non-trade secret claims when, among other reasons, the non-trade secret claims incorporated the same factual allegations regarding defendants' unauthorized access and use of plaintiff's information as plaintiff's trade secret claim).

In sum, the Court finds that Alta's UCL claim as a whole is not materially distinct from Alta's CUTSA claim.

### b. Alta's Arguments Regarding "Reverse Engineering" and "Passing off" are Unpersuasive

The Court is also unpersuaded by Alta's attempts to state that its allegations regarding "reverse engineering" and "passing off" demonstrate that Alta's UCL claim qualifies for the distinct wrongdoing exception to supersession. First, as to reverse engineering, Alta effectively alleges that LGE engaged in reverse engineering *to further* its trade secret misappropriation. *See, e.g.*, CAC ¶ 64 ("LG[E] fraudulently concealing its true intent, sought this material for technical

15

analysis and/or reverse engineering to assist LG[E] in further development of its manufacturing process using previously obtained Alta Confidential Information in competition with Alta"; "LG[E] used these samples for reverse engineering and technical analysis to aid its manufacturing development, building upon, using and incorporating Confidential Information already gained from Alta under the NDA."). In addition, Alta explicitly phrases its reverse engineering allegations as a fallback for its trade secret misappropriation claims further demonstrating that the reverse engineering claim is not distinguishable from the CUTSA claim. *See,* CAC ¶ 123 ("To the extent that LG[E]'s reverse engineering is not deemed misappropriation of Alta's trade secrets, such reverse engineering, as well as LG[E]'s passing off of Alta's technology as its own, constitutes unfair competition."); *see also, e.g.*, *Waymo LLC*, 256 F. Supp. 3d at 1064 (finding no supersession exception where plaintiff "apparently intend[ed] to use its Section 17200 claim as a fallback for any information that ultimately fails to qualify for trade secret protection as [the] litigation progresse[d].").

Second, as to "passing off," this type of wrongdoing appears in both Alta's CUTSA claim and Alta's UCL claim. For instance, to support its trade secrets misappropriation claim under the CUTSA, Alta alleges that LGE misappropriated Alta's trade secrets by "both selling devices manufactured using Alta's proprietary, trade secret and Confidential Information, and *by claiming as its own* intellectual property devices and processes developed using such information." CAC ¶ 107 (emphasis added); s*ee also id.* ¶ 98 (describing the same conduct as to Alta's DTSA claim). Similarly, to support its UCL claim, Alta alleges that LGE violates the UCL by "passing off to the market as its own technology that which is truly owned by Alta." CAC ¶ 123. These allegations are effectively the same.

Further, Alta concedes in its opposition that Alta's "passing off" claim is related to the allegation appearing in paragraph 98 of both Alta's original complaint and its corrected amended complaint. Opp'n at 11 n.9 (discussing CAC ¶ 98). Paragraph 98 of the corrected amended complaint forms part of the factual allegations for Alta's DTSA claim and contains language

identical to paragraph 107 of Alta's CUTSA claim. *Compare* CAC ¶ 98, *with id.* ¶ 107. Thus, Alta acknowledges that its "passing off" claim is not materially distinct from its federal and state trade secret misappropriation claims.

Finally, Alta's citation to *Codexis, Inc. v. Enzymeworks, Inc.*, does not save its UCL claim from supersession. Opp'n at 7–8 (citing *Codexis, Inc.*, No. 16-CV-00826-WHO, 2016 WL 4241909 (N.D. Cal. Aug. 11, 2016). In *Codexis*, the court found that the plaintiff had pled elements that differentiated plaintiff's UCL claim from its trade secret misappropriation claim. 2016 WL 4241909, at *8. However, the conduct alleged in *Codexis* differed from the conduct alleged in the instant case. For instance, to the extent the *Codexis* court recognized that the conduct included "improper, dishonest, and unfair extracting of information, reverse engineering, deconstructing, disassembling, sequencing, copying, altering, modifying, and/or creating a variant or derivative of" Codexis's products, which "enabled the defendants to 'deceive and confuse the consuming public by holding out their copied or improperly derived products,'" that conduct was alleged to be in violation of "*the terms and conditions* of Codexis's products." *Id.* at *8. Put differently, that conduct was based on breach of contract, which is a ground expressly exempted from CUTSA supersession. *See SunPower Corp.*, 2012 WL 6160472, at *3 (explaining that CUTSA does not supersede contractual remedies).

By contrast here, the reverse engineering and "passing off" claims are not based on a contractual breach. *See* CAC ¶¶ 119–24. Moreover, the conduct in *Codexis* included a wide range of conduct that the court found differentiated the UCL claim from the trade secret misappropriation claim, including "photographing a Codexis presentation during a conference in violation of the conference's rules." 2016 WL 4241909 at *8. The *Codexis* court explained that "[c]onsidering the range of conduct pleaded," the UCL claim was not superseded. By contrast here, Alta's UCL claim lacks a range of conduct that is materially distinct from its trade secret misappropriation claim. Thus, *Codexis* is inapposite.

In sum, the Court finds that Alta's reverse engineering and passing off allegations fail to

17

demonstrate that Alta's UCL claim is materially distinct from the CUTSA claim.

### c. Alta's UCL Claim is Dismissed with Prejudice

In sum, the Court finds that Alta's UCL claim fails to allege wrongdoing materially distinct from the wrongdoing alleged in Alta's CUTSA claim. Therefore, because neither of the two exceptions to supersession applies, Alta's UCL claim is superseded by the CUTSA. Thus, the Court GRANTS LGE's motion to dismiss Alta's UCL claim.

The October 17, 2018 Order specifically identified that Alta's UCL claim was superseded by the CUTSA. *See* October 17, 2018 Order at 25. The Court therefore gave Alta leave to amend to eliminate the trade secret misappropriation allegations and to set forth a basis for the UCL claim that is not superseded by the CUTSA. *Id.* The October 17, 2018 Order further warned that failure to cure this deficiency would result in dismissal of the UCL claim with prejudice. *Id.* at 28. Despite this warning, and after three opportunities to plead a non-superseded UCL claim in the original complaint, the amended complaint, and the corrected amended complaint, Alta has nonetheless still failed to set forth a UCL claim that is not superseded by the CUTSA. Furthermore, additional leave to amend would be unduly prejudicial to LGE as Alta has already filed three complaints and this is the second time LGE has had to brief a motion to dismiss on this issue. Because further amendment would be futile and unduly prejudicial to LGE, Alta's UCL claim is dismissed with prejudice. *See Leadsinger, Inc.*, 512 F.3d at 532.

### C. Declaratory Judgment

Alta's fifth cause of action seeks a declaratory judgment that is based on Alta's UCL claim and Alta's breach of contract claim. CAC ¶¶ 125–30 ("A judicial determination resolving this actual controversy is necessary an appropriate at this time in order to prevent LG[E]'s unjustified misappropriation of trade secrets and breach of contract, which would result in irreparable harm to Alta."). In the briefing for the October 17, 2018 Order, LGE argued that Alta's declaratory judgment claim was superseded to the extent it was based on Alta's UCL claim and based on the same nucleus of facts as trade secret misappropriation. The Court agreed. In the October 17, 2018

United States District Court
Northern District of California

Order, the Court dismissed Alta's declaratory judgment claim to the extent it was based on Alta's UCL claim. October 17, 2018 Order at 26. However, the Court granted leaved to amend to eliminate the trade secret misappropriation allegations and to set forth a basis for a declaratory judgment as to LGE's unfair, unlawful, or fraudulent business acts and practices. *Id.* at 26–27. In the instant motion, LGE argues that Alta has failed to amend its declaratory judgment claim to demonstrate that the claim, to the extent it is based on the UCL and on the same nucleus of facts as trade secret misappropriation, is not superseded by the CUTSA. Mot. at 11. However, LGE acknowledges that "Alta may seek a declaratory judgment based on the parties' prospective rights and duties under contract." *Id.* Therefore, LGE only requests that the Court to "dismiss Alta's declaratory judgment claim, to the extent that it is based on the same nucleus of facts as trade secret misappropriation, with prejudice." *Id.*

In the corrected amended complaint, Alta amended its declaratory judgment claim to track the same changes that Alta made to its UCL claim. *See, e.g.*, CAC ¶¶ 128 ("LG[E] is developing and using technology by using Alta's proprietary and Confidential Information other than Alta's trade secrets."). Alta also notes that it "inadvertently" failed to remove a reference to misappropriation of trade secrets in paragraph 130 of Alta's declaratory judgment claim. Opp'n at 12. Further, Alta concedes that the declaratory relief that it seeks is related to Alta's UCL claim. *See* Opp'n at 12 n.11 ("The declaration sought by Alta relates to Alta's UCL claim that LGE is 'passing off' Alta's technology to the market as LGE's own."). However, as the Court already determined in Section III.B.2., with respect to its UCL claim, Alta has failed to amend its allegations to demonstrate that its claim is not superseded by the CUTSA. *See SunPower Corp.*, 2013 WL 6160472, at *5 ("CUTSA supersedes claims based on the misappropriation of information, regardless of whether such information ultimately satisfies the definition of trade secret."). Therefore, the Court GRANTS LGE's motion to dismiss Alta's declaratory judgment claim to the extent that it is based on the UCL claim and the same nucleus of facts as the trade secret misappropriation claim.

Case No. 18-CV-00404-LHK
ORDER GRANTING WITH PREJUDICE IN PART AND DENYING IN PART MOTION TO DISMISS
CORRECTED AMENDED COMPLAINT

The October 17, 2018 Order identified the deficiencies in Alta's declaratory judgment claim and warned Alta that failure to cure the deficiencies would result in dismissal with prejudice. October 17, 2018 Order at 26–28. Alta was specifically on notice that it needed it eliminate the trade secret misappropriation allegations and set forth a basis for a declaratory judgment as to LGE's unfair, unlawful, or fraudulent business acts and practices. *Id.* at 26–27. The corrected amended complaint is Alta's third complaint and second attempt to cure the deficiencies identified in the October 17, 2018 Order. Therefore, the Court finds that further leave to amend would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. Additionally, it would be unduly prejudicial to LGE to allow Alta to file yet another amended complaint and require LGE to file a third motion to dismiss after the October 17, 2018 Order's warning regarding failure to cure deficiencies. *Id.* The Court therefore grants the motion to dismiss Alta's declaratory judgment claim to the extent that it is based on the same nucleus of facts as trade secret misappropriation with prejudice.

**D. Misappropriation of Trade Secrets in Violation of the DTSA and CUTSA**

LGE previously challenged Alta's DTSA and CUTSA claims in LGE's first motion to dismiss; however, the Court rejected LGE's challenge and denied LGE's motion to dismiss these claims. *See* October 17, 2018 Order at 7–18. Nonetheless, Alta amended its complaint after the Court's October 17, 2018 Order. *See* CAC. LGE now argues that the amendments in the corrected amended complaint demonstrate that Alta's DTSA and CUTSA claims are time barred. Mot. at 12–18. Below, the Court discusses first the Court's October 17, 2018 Order as it pertains to Alta's DTSA and CUTSA claims as well as Alta's breach of contract claim to the extent that discussion is relevant to the instant motion. Second, the Court discusses Alta's amendments to the DTSA and CUTSA claims. Third, the Court discusses LGE's instant statute of limitations challenge to the DTSA and CUTSA claims in the corrected amended complaint.

**1. The October 17, 2018 Order Denied LGE's Motion to Dismiss the DTSA and CUTSA Claims but Granted LGE's Motion to Dismiss the Breach of Contract Claim Based on LGE's Failure to Return**

Under both the DTSA and the CUTSA, "misappropriation" means either (1) the "[a]cquisition of a trade secret by another person who knows or has reason to know that the trade secret was acquired by improper means;" or (2) the "[d]isclosure or use of a trade secret of another without express or implied consent." 18 U.S.C. § 1839(5); Cal. Civ. Code § 3426.1(b). In the October 17, 2018 Order, the Court found that Alta's original complaint brought its DTSA and CUTSA trade secret misappropriation claims on the basis that LGE had allegedly *used* Alta's trade secrets. *See* October 17, 2018 Order at 16. The Court further found that Alta tried to raise in its opposition a new theory for the first time of misappropriation by acquisition and a continuous course of misappropriation. The Court did not consider this acquisition theory because it was absent from the complaint. *Id.* at 13 n.1, 16 n.2.

In LGE's first motion to dismiss, LGE argued that Alta's DTSA and CUTSA claims should be dismissed for two reasons: (1) Alta's trade secrets expired under the terms of the 2011 NDA three years after June 13, 2012, or June 13, 2015; and (2) Alta failed to describe the trade secrets that were misappropriated with sufficient particularity. *See id.* at 8–9. In the October 17, 2018 Order, the Court disagreed with both of LGE's arguments. *Id.* at 8–18. Specifically, as to LGE's first argument, the Court concluded that LGE's argument presented an issue of contract interpretation: "whether the Term Provision provided for the expiration of the 2011 NDA/Agreement on June 13, 2012." *Id.* at 10. The Court found that "the 2011 NDA's Term Provision is ambiguous as to when the Agreement, and therefore LGE's additional three-year obligation [to hold the Confidential Information in confidence], ended." *Id.* Thus, the Court denied LGE's motion to dismiss those claims. *Id.* at 8–18.

As for Alta's breach of contract claim, LGE argued in its first motion to dismiss that to the extent Alta's breach of contract claim was based on LGE's alleged failure to return confidential information disclosed under the 2011 NDA, it was barred by the four year statute of limitations. *Id.* at 18–19. In the October 17, 2018 Order, the Court held that per Section 6 of the 2011 NDA, LGE was required to return the confidential information "upon the earlier of (i) the completion or

termination of the dealings between the parties contemplated hereunder; (ii) the termination of this Agreement; or (iii) at such time as the disclosing party may so request." *Id.* at 19 (citing Compl. Exh. A ¶ 6). Thus, the Court analyzed when each of Section 6's subsections ((i), (ii), (iii)) were triggered, and which of the subsections were the earlier of the three subsections. *Id.* The Court concluded that "(1) subsection (i) 'the completion or termination of the dealings between the parties,' refers to the end of the 'Disclosure Period,' which was June 13, 2012; (2) this subsection would be the 'earlier of' the other subsections; and (3) thus LGE's obligation to return was triggered on June 13, 2012." *Id.* at 20. The Court therefore found that Alta's breach of contract claim based on failure to return confidential information accrued pursuant to Section 6 subsection (i) of the 2011 NDA at the end of the Disclosure Period, June 13, 2012, and that this claim had therefore expired pursuant to the four year statute of limitations on June 13, 2016. *Id.* at 21–22. Alta had filed its complaint on January 18, 2018. Therefore, Alta's breach of contract claim based on failure to return was time barred. *Id.*

### 2. Alta's Amendments to the DTSA and CUTSA Claims

On amendment, Alta now alleges misappropriation by *acquisition* (not just misappropriation by use), followed by a continuous course of conduct of disclosure and use thereafter.[4] *See, e.g.*, CAC ¶ 97 (adding allegation that LGE "acquired by misrepresentation, and continuously used and disclosed thereafter" Alta's trade secrets); *id.* ¶ 98 (adding allegation that LGE misappropriated "Alta's trade secrets through continuous fraudulent acquisition and continuous wrongful and fraudulent use and disclosure, through the present"); *id.* ¶ 104 (adding

---

[4] Alta disputes that this acquisition theory is a new theory and argues that Alta had alleged this theory in the original complaint. Opp'n at 18–19. However, Alta effectively admits this theory was not clearly laid out in the original complaint. For instance, Alta states "[i]nstead of using the word 'acquired' in pleading its trade secret counts in the [c]omplaint, however, Alta used the word 'taken' to refer to LGE's acquisition misappropriation." Opp'n at 18. Moreover, Alta also admits that even if Alta had alleged a misappropriation by acquisition theory in the original complaint, Alta's theory has shifted in the corrected amended complaint because Alta's original acquisition theory "was based upon misrepresentations that LGE made after the parties entered into the 2011 NDA," but Alta's new theory is that LGE fraudulently induced Alta to enter into the 2011 NDA. *Id.* at 18, n.13. Finally, Alta admits that it has added new allegations to more clearly set out its misappropriation by acquisition theory in the corrected amended complaint. *Id.* at 19.

22

United States District Court
Northern District of California

allegation that LGE "acquired by misrepresentation[,] and continuously used and disclosed thereafter"); *id.* ¶ 107 (adding allegation that LGE misappropriated "prior to May 11, 2016, Alta's trade secrets throughout continuous fraudulent acquisition and continuous wrongful and fraudulent use and disclosure"). In particular, Alta has added factual allegations that LGE fraudulently devised a plan to acquire Alta's trade secrets prior to the execution of the June 2011 NDA and then carried out the plan by entering into the 2011 NDA and acquiring trade secret information through that NDA as well as through representations that LGE was interested in becoming a potential investor. *Id.* ¶¶ 14, 19. Alta further added allegations clarifying that LGE publicly disclosed various trade secrets of Alta in a 2016 poster published by LGE and in a U.S. patent application filed in the United States on or around February 2, 2016 and published August 4, 2016. *Id.* ¶ 19.f. Alta alleged that it "did not discover LG[E]'s unauthorized use and disclosure of its trade secrets until on or around September 2016, and could not have reasonably discovered such sooner." *Id.* ¶ 19.g.

### 3. LGE's Instant Motion to Dismiss Alta's CUTSA and DTSA Claims

Because of Alta's new CUTSA and DTSA amendments that clearly allege a theory of misappropriation by acquisition, LGE argues that Alta's claims are now barred by the three-year statute of limitations. Mot. at 12–18. The statute of limitations in the CUTSA states: "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered [("actual notice")] or by the exercise of reasonable diligence should have been discovered [("inquiry notice")]. For the purposes of this section, a continuing misappropriation constitutes a single claim." Cal. Civ. Code. § 3426.6. The statute of limitations for the federal DTSA mirrors that of the CUTSA and provides that an action for misappropriation "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered. For purposes of this section, a continuing misappropriation constitutes a single claim of misappropriation." 18 U.S.C. § 1836(d).

1    LGE's argument is that first, pursuant to the terms of the 2011 NDA (and the Court's

2    interpretation of the 2011 NDA in the October 17, 2018 Order), LGE had a duty to return Alta's

3    confidential information at the end of the 2011 NDA's "Disclosure Period," which was June 13,

4    2012. Mot. at 13; October 17, 2018 Order at 20. Second, because Alta alleges that LGE failed to

5    return Alta's confidential information both on and after that June 13, 2012 date, CAC ¶¶ 82–89,

6    LGE argues that Alta was put on inquiry notice as of June 13, 2012 that LGE had misappropriated

7    Alta's trade secrets. Mot. at 13–15. Three years from June 13, 2012 is June 13, 2015. Because Alta

8    did not file its complaint in the instant case until January 18, 2018, LGE argues that Alta's

9    CUTSA and DTSA claims are time barred.

10    In the alternative, LGE argues that Alta was put on actual notice through the September 23,

11    2014 NDA, which stated that LGE "may currently or in the future be developing information

12    internally, or receiving information from other parties that maybe [sic] similar to the Disclosing

13    party's information" and that "nothing in this Agreement will be construed as a representation or

14    inference that the Receiving party will not develop products, or have products developed for it,

15    that, without violation of this Agreement, compete with the products or systems contemplated by

16    the Disclosing party's Confidential Information." Mot. at 15–16 (2014 NDA ¶ 8.1). Three years

17    from September 23, 2014 is September 23, 2017. Because Alta did not file its complaint in the

18    instant case until January 18, 2018, LGE argues that Alta's CUTSA and DTSA claims are time

19    barred. Mot. at 16.

20    Alta responds first that "LGE provides no legal or factual analysis in its Motion as to why

21    LGE's breach of its duty to return documents to Alta was a 'misappropriation' that would trigger

22    the limitations period for Alta's CUTSA claim." Opp'n at 13. Second, Alta disagrees that LGE's

23    breach of its duty to return documents on June 13, 2012 placed Alta on inquiry notice of

24    misappropriation. Id. at 15. Third, Alta challenges that the September 23, 2014 NDA put Alta on

25    actual notice of any misappropriation of Alta's trade secrets by LGE. Id. Finally, Alta argues that

26    Alta was put on notice of LGE's misappropriation of Alta's trade secrets in mid-2016. Id. at 15–

27

United States District Court
Northern District of California

16. Because mid-2016 is less than three years from January 18, 2018, when Alta filed its complaint, Alta argues that Alta's CUTSA and DTSA claims are not barred by the statute of limitations. The Court discusses the parties' arguments in turn.

As an initial matter, Alta's first argument is mistaken. LGE did not assert that the breach of the duty to return documents on June 13, 2012 *was* a misappropriation. *See* Mot. at 14–15; Reply at 8–9. Instead, LGE asserts that its breach of the duty to return documents on June 13, 2012 *placed* Alta on *inquiry notice* of potential misappropriation. Mot. at 14–15; Reply at 8–9. Thus, Alta's first argument conflates two distinct concepts: (1) when LGE first allegedly misappropriated Alta's trade secrets, and (2) when Alta first received notice sufficient to trigger the three-year statute of limitations period. Moreover, *Alta*, not LGE, is the one who alleges misappropriation, and Alta alleges that LGE misappropriated by fraudulent acquisition prior to June 13, 2012, starting in 2011. *See, e.g.*, CAC ¶ 19.

Second, as to the question of when the statute of limitations began to run, both parties dispute the applicability of *Wang v. Palo Alto Networks, Inc.*, No. C 121-05579 WHA, 2014 WL 1410346 (N.D. Cal. Apr. 11, 2014). In that case, United States District Judge William Alsup of the United States District Court for the Northern District of California found "three independent reasons" for concluding that plaintiff Wang's trade secret misappropriation claim was time-barred. *Id.* at *6–9. One of the reasons—breach of the non-disclosure agreement—looks identical to the instant case. Specifically, in *Wang*, the parties had a non-disclosure agreement that stated: "Upon termination or expiration of the Agreement, or upon written request of [Wang], [defendant] shall promptly return to [Wang] all documents and other tangible materials representing the Confidential Information and all copies thereof." *Id.* at *2. Judge Alsup held that the *Wang* defendant had breached the non-disclosure agreement with Wang in April 2008 when the defendant "violated his agreement to return the documents containing Wang's alleged trade secrets." *Id.* at *7. Judge Alsup continued, "Wang knew, moreover, that [defendant] had gone to work at Palo Alto Networks and was employed in the field of network security." *Id.* "Wang knew

Case No. 18-CV-00404-LHK
ORDER GRANTING WITH PREJUDICE IN PART AND DENYING IN PART MOTION TO DISMISS
CORRECTED AMENDED COMPLAINT

that [defendant] had never asked for relief from his duty to return the trade secrets." *Id.* Judge Alsup concluded: "[t]his violation involving the trade secrets put Wang on inquiry notice. This too is dipositive in and of itself." *Id.* Therefore, because Judge Alsup found that the defendant's April 2008 failure to return in breach of the non-disclosure agreement gave the *Wang* plaintiff inquiry notice, and because the *Wang* plaintiff did not file his complaint until October 2012, more than three years later, Judge Alsup concluded the plaintiff's misappropriation claim was time barred. *Id.* at *6.

The Court agrees with LGE that the instant case looks like *Wang*, and that under the reasoning of *Wang*, Alta was on inquiry notice as of June 13, 2012 of LGE's potential misappropriation of Alta's trade secrets. First, like in *Wang*, the 2011 NDA in the instant case contained language that LGE had an obligation to immediately return confidential information received thereunder "upon the earlier of (i) the completion or termination of the dealings between the parties contemplated hereunder; (ii) the termination of this Agreement; or (iii) at such time as the disclosing party may so request." 2011 NDA ¶ 6; CAC ¶ 81. This Court previously found in its October 17, 2018 Order that LGE had a duty to return Alta's confidential information at the end of the 2011 NDA's "Disclosure Period," which was June 13, 2012. October 17, 2018 Order at 20–21. The corrected amended complaint alleges that LGE failed to return Alta's confidential information both on and after that date. CAC ¶¶ 57, 82–89. Second, like in *Wang*, the corrected amended complaint further alleges that Alta knew that LGE was seeking to engage in work in the same field as Alta. *Id.* ¶ 39 ("In June 2011, LG[E] had expressed an interest publicly in becoming involved in thin-film solar technology. Because LG[E] was a manufacturer of a number of mobile electronic devices, Alta identified LG[E] as a potential investor and joint venture partner in its future manufacturing operations"). Finally, like in *Wang* the corrected amended complaint makes no allegation that LGE ever asked for relief from its duty to return Alta's trade secrets. *See* CAC. Therefore, the Court concludes that, like the plaintiff in *Wang*, Alta was on inquiry notice of potential misappropriation of trade secrets when LGE breached its duty to return confidential

United States District Court
Northern District of California

information on June 13, 2012, which was more than three years before Alta filed its complaint on January 18, 2018.

Alta's attempts to distinguish the *Wang* case from the instant case are unpersuasive. First, Alta argues that Judge Alsup found that "[t]he decisive fact in the Wang decision for determination of the statute of limitations was the December 2007 publication of the patent application" that "gave the plaintiff constructive notice of his trade secrets." Opp'n at 16. This argument by Alta misrepresents the *Wang* holding. Judge Alsup repeatedly emphasized in *Wang* that he found "three independent reasons" for concluding that Wang's misappropriation claim was time barred. 2014 WL 1410346, at *6. One reason was the patent application that Alta references. *Id.* at *6–7. However, the other reason, which is directly relevant to the instant case, was the *Wang* defendant's breach of the non-disclosure agreement when the defendant failed to return documents containing Wang's alleged trade secrets. *Id.* at *7. Alta fails to acknowledge that Judge Alsup's order specifically stated with respect to the non-disclosure agreement violation that the violation "too [wa]s *dispositive* in and of itself." *Id.* (emphasis added).

Second, Alta argues that the *Wang* decision was a summary judgment ruling based on "uncontradicted facts" in the evidentiary record. Opp'n at 16. Although this assertion is correct, for purposes of the motion to dismiss, the instant Court takes as true (or "uncontradicted") the allegations in Alta's corrected amended complaint. Therefore, the procedural posture difference between the instant case and the *Wang* case does not constitute a difference that makes reliance on *Wang* inappropriate. Judge Alsup concluded as a matter of law that the *Wang* plaintiff was on inquiry notice when the defendant breached the non-disclosure agreement's requirement that the defendant return the trade secret documents. The instant Court concludes that nearly identical allegations in the instant case require the same finding as a matter of law. *See also, e.g.*, *Intermedics, Inc. v. Vetritex, Inc.*, 822 F. Supp. 634, 652 (N.D. Cal. 1993) (explaining that "[t]he court's central concern when analyzing the statute of limitations with respect to alleged misappropriations of trade secrets is with identifying the point at which the *first* apparent breach of

the confidential relationship occurred," "since what trade secret law protects . . . [is] a right to maintain the integrity of a confidential relationship, it is the first known (or reasonably discoverable) breach of that relationship that creates the right to sue and thus triggers the running of the statute of limitations").

In sum, having found that *Wang* is applicable, and having found Alta's arguments to the contrary unconvincing, the Court concludes that Alta was on inquiry notice of potential misappropriation as of June 13, 2012. Therefore, Alta's complaint, which was filed January 18, 2018, more than three years after the June 13, 2012 date, is barred by the statute of limitations as a matter of law. This is sufficient to find that Alta's CUTSA and DTSA claims fail.[5]

Finally, because the violation of the 2011 NDA was sufficient to put Alta on inquiry notice, it is of no matter that Alta alleges that it was put on actual notice by mid-2016. S*ee* Opp'n at 15–16; CAC ¶¶ 65–70; *see also, e.g.*, *Intermedics, Inc.*, 822 F. Supp. at 652. For statute of limitations purposes, the earlier June 13, 2012 inquiry notice triggered the start of the three-year statute of limitations period. *See* Cal. Civ. Code. § 3426.6; 18 U.S.C. § 1836(d).

Accordingly, having found that Alta's CUTSA and DTSA claims are time barred, the Court GRANTS LGE's motion to dismiss these claims. Further, the Court concludes that amendment would be futile. Alta's claims are time barred as a matter of law. Moreover, Alta has made no suggestion in opposition that tolling is appropriate in the CUTSA and DTSA context or that Alta could plead facts that would toll the statute of limitations period. The Court therefore finds that amendment would be futile. At least one other court has declined to grant leave in a trade secret misappropriation case when the claim was time barred. *See, e.g.*, *Moddha Interactive, Inc. v. Philips Elec. N. Am. Corp.,* 92 F. Supp. 3d 982, 986, 992–94 (D. Haw. 2015) (dismissing trade secret misappropriation claim that is barred by the applicable statute of limitations with prejudice because granting leave to amend would be futile). Furthermore, additional leave to

---

[5] For this reason, the Court need not discuss LGE's additional argument regarding the fact that the 2014 NDA provides evidence of *actual* notice of misappropriation.

28

amend would be unduly prejudicial to LGE as Alta has already filed three complaints and this is the second time LGE has had to brief a motion to dismiss on this issue. Accordingly, finding amendment would be futile and unduly prejudicial to LGE, the Court grants LGE's motion to dismiss Alta's CUTSA and DTSA claims with prejudice. *See Leadsinger, Inc.*, 512 F.3d at 532.

### E. Fraud Allegations

Finally, LGE in a footnote moves to dismiss paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, 64, 97, 98, 104, and 107 of the corrected amended complaint for failure to satisfy the pleading requirements in Federal Rule of Civil Procedure 9(b) for fraud allegations. Mot. at 8–11, n.5. The Court already dismissed paragraphs 97, 98, 104, and 107 of the corrected amended complaint because these paragraphs are part of the CUTSA and DTSA claims that the Court dismissed in the instant Order. Therefore, the Court considers LGE's challenge to only paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, and 64 of the corrected amended complaint.

Alta asserts that LGE is precluded by Federal Rule of Civil Procedure 12(g) from challenging paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, and 64 because LGE did not bring this challenge in LGE's first motion to dismiss. Opp'n at 9–11; *see also* Fed. R. Civ. P. 12(g) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

The Court DENIES LGE's motion to dismiss Alta's paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, and 64. Even assuming that LGE is not precluded by Rule 12(g) from raising this challenge in the instant motion to dismiss, LGE fails to explain *why* these paragraphs suffer from a lack of particularity. *See* Mot. at 8–11, n.5; Reply at 6–8. Thus, the Court DENIES LGE's motion to dismiss these paragraphs.

## IV.    CONCLUSION

For the foregoing reasons, the Court rules as follows:
- The motion to dismiss for adding amendments not authorized by the Court is DENIED;
- The motion to dismiss the UCL claim is GRANTED with prejudice;
- The motion to dismiss the declaratory judgment claim to the extent that it is based

29

United States District Court
Northern District of California

on the UCL claim and the same nucleus of facts as trade secret misappropriation is GRANTED with prejudice;

- The motion to dismiss the CUTSA claim is GRANTED with prejudice;
- The motion to dismiss the DTSA claim is GRANTED with prejudice;
- The motion to dismiss paragraphs 12, 14, 15, 16, 19, 41, 50, 51, 52, 56, and 64 of the corrected amended complaint is DENIED.

In the instant motion to dismiss, LGE did not challenge Alta's third claim for breach of contract or Alta's fifth claim for declaratory judgment to the extent that claim is based on the parties' prospective rights and duties under contract. *See* Mot. Accordingly, as a result of the Court's rulings in the instant order, the claims that remain are Alta's third claim for breach of contract and Alta's fifth claim for declaratory judgment to the extent that claim is based on the parties' prospective rights and duties under contract.

**IT IS SO ORDERED.**

Dated: April 30, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 18-CV-00404-LHK
ORDER GRANTING WITH PREJUDICE IN PART AND DENYING IN PART MOTION TO DISMISS
CORRECTED AMENDED COMPLAINT