Steven M. Levitan (Bar No. 148716)
steve.levitan@hoganlovells.com
Alali Dagogo-Jack (Bar No. 302437)
alali.dagogo-jack@hoganlovells.com
**HOGAN LOVELLS US LLP**
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Telephone:    (650) 463-4000
Facsimile:    (650) 463-4199

Clayton C. James (Bar No. 287800)
clay.james@hoganlovells.com
**HOGAN LOVELLS US LLP**
3 Embarcadero Center, 15th Floor
San Francisco, CA 94111
Telephone:    (415) 374-2300
Facsimile:    (415) 374-2499

Attorneys for Defendant/Counterclaimant
LG ELECTRONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

ALTA DEVICES, INC,

                Plaintiff/Counterdefendant,

    v.

LG ELECTRONICS, INC.,

                Defendant/Counterclaimant.

Case No.  5:18-cv-00404-LHK-VKD

**DEFENDANT LG ELECTRONICS, INC.'S ANSWER TO CORRECTED FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
MENLO PARK

Defendant LG Electronics, Inc. ("Defendant" or "LGE"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Alta Devices, Inc.'s ("Plaintiff's" or "Alta's") Corrected First Amended Complaint.

This Answer is made subject to the Court's Orders Granting in Part and Denying in Part LGE's Motions to Dismiss. *See* Dkt. No. 55 (October 17, 2018); Dkt. No. 97 (April 30, 2019). To the extent the Corrected First Amended Complaint contains allegations regarding claims, theories, or facts that have been dismissed, mooted, or otherwise rendered immaterial by the Orders or any other orders issued by the Court, no response is required to such allegations. Moreover, any responses in this Answer do not constitute acknowledgment or admission of the validity or relevance of such allegations.

## PARTIES

1.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 1 and on that basis denies them.

2.    LGE admits that it is a corporation organized and existing under the laws of the Republic of Korea, and that its principal place of business is in Seoul, Korea. LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning its number of employees in Korea and its annual sales because the allegations do not state the year or years or currency that they are referencing, and on that basis LGE denies them. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 2.

## JURISDICTION

3.    Because Alta's cause of action for misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA") has been dismissed with prejudice, LGE denies that the Court has original subject matter jurisdiction for this action pursuant to the DTSA or supplemental jurisdiction over the remaining claims. LGE admits that Alta has pled that the amount in controversy exceeds the jurisdictional threshold for actions based on diversity of citizenship. However, LGE denies that the amount in controversy exceeds the jurisdictional threshold for actions based on diversity of citizenship. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 3.

4.      LGE admits that it entered into a non-disclosure agreement with a company called Alta Devices, Inc. effective June 13, 2011 ("2011 NDA").  LGE denies, on information and belief, that the Alta Devices, Inc. that was a signatory to the 2011 NDA is the same entity as the Alta Devices, Inc. that is the Plaintiff in this lawsuit.  LGE admits that Exhibit A to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.  LGE admits that paragraph 11(ii) of the 2011 NDA states, in part, "The exclusive jurisdiction and venue of any action with respect to the subject matter of this Agreement shall be the state courts for the State of California or the U.S. District Court for the Northern District of California, and each Party hereto submits itself to the exclusive jurisdiction, venue, and personal jurisdiction of such courts for the purpose of any such action."  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 4.

5.      LGE admits that paragraph 11(ii) of the 2011 NDA states, in part, "The exclusive jurisdiction and venue of any action with respect to the subject matter of this Agreement shall be the state courts for the State of California or the U.S. District Court for the Northern District of California, and each Party hereto submits itself to the exclusive jurisdiction, venue, and personal jurisdiction of such courts for the purpose of any such action."  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 5.

## **INTRADISTRICT ASSIGNMENT**

6.      LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location where Alta maintains its factory and offices, and on that basis LGE denies them.  LGE denies the remaining allegations of this Paragraph 6.

## **ALTA'S INTRODUCTION AND OVERVIEW OF ITS ALLEGED CLAIMS**

7.      LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and on that basis denies them.

8.      LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 8 and on that basis denies them.

9.      LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and on that basis denies them.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 2 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1      10.    LGE lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of this Paragraph 10 and on that basis denies them.

3      11.    LGE lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations of this Paragraph 11 and on that basis denies them.

5      12.    Denied.

6      13.    LGE admits that it engaged in discussions with a company called Alta Devices,

7    Inc. starting at or about the effective date of the 2011 NDA concerning a potential investment.

8    LGE denies, on information and belief, that the Alta Devices, Inc. with whom LGE engaged in

9    discussions is the same entity as the Alta Devices, Inc. that is the Plaintiff in this lawsuit.  Except

10   as expressly admitted, LGE denies the remaining allegations of this Paragraph 13.

11     14.    Denied.

12     15.    Denied.

13     16.    Denied.

14     17.    Denied.

15     18.    Denied.

16     19.    Denied.

17         a.   Denied.

18         b.   Denied.

19         c.   Denied.

20         d.   Denied.

21         e.   Denied.

22         f.   Denied.

23         g.   Denied.

24         h.   Denied.

25         i.   Denied.

26         j.   Denied.

27         k.   Denied.

28     20.    Denied.

Hogan Lovells US LLP
Attorneys At Law
Menlo Park

- 3 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

21.    Denied.

## **FACTUAL BACKGROUND**

**A.  Alta's Allegations Concerning its Development of "Cutting Edge Green Technology"**

22.    LGE admits that the use of GaAs in thin film solar technology was well-known prior to 2008.  Except as expressly admitted, LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 22 and on that basis denies them.

23.    LGE admits that solar technologies using materials other than GaAs were also available during the 2008-2011 timeframe.  Except as expressly admitted, LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 23 and on that basis denies them.

24.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 24 and on that basis denies them.

25.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 25 and on that basis denies them.

26.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 26 and on that basis denies them.

27.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 27 and on that basis denies them.

28.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 28 and on that basis denies them.

29.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was publicly unknown outside of Alta.  LGE lacks knowledge or information sufficient to form a belief as to the remaining allegations of this Paragraph 29 and on that basis denies them.

30.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 30 and on that basis denies them.

31.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 4 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

LGE under the 2011 NDA or otherwise was publicly unknown outside of Alta.   LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 31 and on that basis denies them.

32.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 32 and on that basis denies them.

33.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 33 and on that basis denies them.

34.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 34 and on that basis denies them.

35.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 35 and on that basis denies them.

36.    LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 36 and on that basis denies them.

37.    LGE admits that it engaged in discussions with a company called Alta Devices, Inc. starting at or about the effective date of the 2011 NDA concerning a potential investment. LGE denies, on information and belief, that the Alta Devices, Inc. with whom LGE engaged in discussions is the same entity as the Alta Devices, Inc. that is the Plaintiff in this lawsuit.  LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 37 and on that basis denies them.

**B. Alta's Allegations that, Pursuant to the 2011 NDA, it "Shar[ed] Trade Secrets and Other Proprietary and Confidential Information with LG."**

38.    LGE admits that in or around 2011, it was interested in emerging solar technologies.  LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 38 and on that basis denies them.

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 5 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1    39.    LGE admits that in or around 2011, it was interested in emerging solar

2    technologies.  LGE lacks knowledge or information sufficient to form a belief as to the truth of

3    the remaining allegations of this Paragraph 39 and on that basis denies them.

4    40.    LGE admits that it engaged in discussions with a company called Alta Devices,

5    Inc. starting at or about the effective date of the 2011 NDA concerning a potential investment.

6    LGE denies, on information and belief, that the Alta Devices, Inc. with whom LGE engaged in

7    discussions is the same entity as the Alta Devices, Inc. that is the Plaintiff in this lawsuit.  Except

8    as expressly admitted, LGE denies the remaining allegations of this Paragraph 40.

9    41.    LGE admits that it entered into the 2011 NDA with a company called Alta

10   Devices, Inc., effective June 13, 2011.  LGE denies, on information and belief, that the Alta

11   Devices, Inc. that was a signatory to the 2011 NDA is the same entity as the Alta Devices, Inc.

12   that is the Plaintiff in this lawsuit.  The terms of the 2011 NDA speak for themselves, and any

13   attempts in this Paragraph 41 to paraphrase or characterize them are expressly denied.  LGE

14   denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011

15   NDA or otherwise was confidential or publicly unknown outside of Alta.  Except as expressly

16   admitted, LGE denies the remaining allegations of this paragraph 41.

17   42.    The terms of the 2011 NDA speak for themselves, and any attempts in this

18   Paragraph 42 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

19   to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

20   LGE admits that the language quoted in this Paragraph 42 is a partial quote of ¶ 1(i) of the 2011

21   NDA.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 42.

22   43.    The terms of the 2011 NDA speak for themselves, and any attempts in this

23   Paragraph 43 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

24   to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

25   LGE admits that the language quoted in this Paragraph 43 is a partial quote of ¶ 1(i) of the 2011

26   NDA.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 43.

27   44.    The terms of the 2011 NDA speak for themselves, and any attempts in this

28   Paragraph 44 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 6 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1   to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

2   LGE admits that the language quoted in this Paragraph 44 is a partial quote of ¶ 3 of the 2011

3   NDA.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 44.

4          45.     The terms of the 2011 NDA speak for themselves, and any attempts in this

5   Paragraph 45 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

6   to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

7   Because Alta's cause of action for breach of contract for failure to return information disclosed

8   pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this

9   Paragraph 45 to the extent it alleges breach of contract by failure to return or concerns that cause

10  of action.   Except as expressly admitted, LGE denies the remaining allegations of this Paragraph

11  45.

12         46.     The terms of the 2011 NDA speak for themselves, and any attempts in this

13  Paragraph 46 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

14  to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

15  LGE admits that the language quoted in this Paragraph 46 is a partial quote of ¶ 6 of the 2011

16  NDA.  Because Alta's cause of action for breach of contract for failure to return information

17  disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to

18  this Paragraph 46 to the extent it alleges breach of contract by failure to return or concerns that

19  cause of action.  Except as expressly admitted, LGE denies the remaining allegations of this

20  Paragraph 46.

21         47.     The terms of the 2011 NDA speak for themselves, and any attempts in this

22  Paragraph 47 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

23  to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

24  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 47.

25         48.     The terms of the 2011 NDA speak for themselves, and any attempts in this

26  Paragraph 48 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A

27  to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA.

28  LGE admits that the "schedule" set forth in this Paragraph 48 is a partial quote of Appendix A to

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK
                                    - 7 -
                                                    LGE'S ANSWER, AFFIRMATIVE
                                                    DEFENSES, AND COUNTERCLAIMS
                                                    5:18-CV-00404-LHK-VKD

the 2011 NDA. LGE admits that it entered into a different, separate non-disclosure agreement with "Alta Devices", effective September 3, 2014 (the "2014 NDA"), and that neither the 2014 NDA nor information disclosed thereunder is the subject of the claims in this action. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 48.

49.    The terms of the 2011 NDA speak for themselves, and any attempts in this Paragraph 49 to paraphrase or characterize them are expressly denied. LGE admits that Exhibit A to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA. LGE admits that the language quoted in this Paragraph 49 is a partial quote of Appendix A to the 2011 NDA. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 49.

50.    LGE admits that it engaged in discussions with a company called Alta Devices, Inc. starting at or about the effective date of the 2011 NDA concerning a potential investment. LGE denies, on information and belief, that the Alta Devices, Inc. with whom LGE engaged in discussions is the same entity as the Alta Devices, Inc. that is the Plaintiff in this lawsuit. LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 50.

51.    The February 11, 2012 email from Sung Han to Wen Hsieh speaks for itself, and any attempts in this Paragraph 51 to paraphrase or characterize it are expressly denied. LGE admits that Exhibit B to the Corrected First Amended Complaint appears to be a copy of a February 11, 2012 email from Sung Han to Wen Hsieh, but LGE lacks knowledge or information sufficient to form a belief as to whether it is a true and correct copy and on that basis denies that it is. LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 51.

52.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. LGE denies all the remaining allegations of this Paragraph 52.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 8 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

53.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. LGE denies all the remaining allegations of this Paragraph 53.

54.    Denied.

55.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta. LGE denies all the remaining allegations of this Paragraph 55.

56.    Denied.

57.    Denied.

58.    The terms of the 2011 NDA speak for themselves, and any attempts in this Paragraph 58 to paraphrase or characterize them are expressly denied.  LGE admits that Exhibit A to the Corrected First Amended Complaint appears to be an accurate copy of the 2011 NDA. LGE admits that the language quoted in this Paragraph 58 is a partial quote of ¶ 1(f) of the 2011 NDA.  Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 58 to the extent it alleges breach of contract by failure to return or concerns that cause of action.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 58.

59.    LGE admits that it transmitted materials to Alta, which included documents now bearing Bates numbers LTR0000279, LTR0000238, LTR0000227, and LTR0000235.  LGE further admits that it redacted certain information from said materials prior to transmitting them to Alta, but LGE denies that its redactions were improper under the 2011 NDA or otherwise.  The documents now bearing Bates numbers LTR0000279, LTR0000238, LTR0000227, and LTR0000235 speak for themselves and any attempts to characterize the contents of the documents now bearing Bates numbers LTR0000279, LTR0000238, LTR0000227, and LTR0000235 are expressly denied.  LGE denies that the documents now bearing Bates numbers LTR0000279, LTR0000238, LTR0000227, and LTR0000235 recite the quotations that Alta attributes to them.  Except as expressly admitted, LGE denies the remaining allegations of this

Paragraph 59.

60.      LGE admits that it transmitted materials to Alta, which included documents now bearing Bates numbers LTR0000281and LTR0000255.  The documents now bearing Bates numbers LTR0000281 and LTR0000255 speak for themselves and any attempts to characterize the contents of the documents now bearing Bates numbers LTR0000281 and LTR0000255 are expressly denied.  LGE denies that the documents now bearing Bates numbers LTR0000281 and LTR0000255 recite the quotations that Alta attributes to them.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 60.

61.      LGE admits that it transmitted materials to Alta, which included a document now bearing Bates number LTR0000251.  The document now bearing Bates number LTR0000251 speaks for itself and any attempts to characterize the contents of the document now bearing Bates number LTR0000251 are expressly denied.  LGE denies that the document now bearing Bates number LTR0000251 recites the quotations that Alta attributes to it.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 61.

62.      LGE admits that it transmitted materials to Alta, which included documents now bearing Bates numbers LTR0000236 and LTR0000237.  The documents now bearing Bates numbers LTR0000236 and LTR0000237 speak for themselves and any attempts to characterize the contents of the documents now bearing Bates numbers LTR0000236 and LTR0000237 are expressly denied.  LGE denies that the documents now bearing Bates numbers LTR0000236 and LTR0000237 recite the quotations that Alta attributes to them.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 62.

63.      Denied.

64.      Denied.

## C. Alta's Allegations that it "Discover[ed] that LG Has Misappropriated its Proprietary, Trade Secrets and Confidential Information."

65.      Denied.

66.      LGE admits that LGE personnel submitted an article titled "High Performance

GaAs Solar Cell Using Heterojunction Emitter and Its Further Improvement by ELO Technique"
in connection with the June 2016 32nd European Photovoltaic Solar Energy Conference.  Except
as expressly admitted, LGE denies the remaining allegations of this Paragraph 66.

67.    LGE admits that LGE personnel submitted an article titled "Bandgap Grading and
$Al_{0.3}Ga_{0.7}As$ Heterojunction Emitter for Highly Efficient GaAs-Based Solar Cells" in the June
2016 issue of the publication, *Solar Energy Materials and Solar Cells*.  Except as expressly
admitted, LGE denies the remaining allegations of this Paragraph 67.

68.    LGE admits that on or about August 4, 2016, the USPTO published US
Application Pub. No. US 2016/0225933 A1, titled "Metal Organic Chemical Vapor Deposition
Apparatus for Solar Cell," assigned to LGE.  Except as expressly admitted, LGE denies the
remaining allegations of this Paragraph 68.

69.    Because the phrase "technology covering an MOCVD system," as used in this
Paragraph 69, is vague and ambiguous, LGE lacks knowledge or information sufficient to form a
belief as to the truth of the allegations of this Paragraph 69 and on that basis denies them.

70.    Denied.

71.    LGE admits that LGE personnel published a poster titled "High Performance
GaAs Solar Cell Using Heterojunction Emitter and Its Further Improvement by ELO Technique"
in connection with the June 2016 32nd European Photovoltaic Solar Energy Conference.  Except
as expressly admitted, LGE denies the remaining allegations of this Paragraph 71.

72.    LGE admits that LGE personnel gave a presentation titled "Rapidly Deposited
GaAs Epitaxial Thin Films by MOCVD for Solar Cells" in connection with the September 2017
33rd European Photovoltaic Solar Energy Conference.  Except as expressly admitted, LGE denies
the remaining allegations of this Paragraph 72.

73.    LGE denies that the information that Alta's predecessor and/or Alta disclosed to
LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta.
LGE lacks knowledge or information sufficient to form a belief as to the truth of the remaining
allegations of this Paragraph 73 and on that basis denies them.

74.    LGE admits that Alta purports to have sent LGE a letter dated August 23, 2016,

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 11 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1   but denies that it received that letter on or near that date.  Except as expressly admitted, LGE

2   denies the remaining allegations of this Paragraph 74.

3          75.      LGE admits that Alta purports to have sent LGE a letter dated August 23, 2016 but

4   denies that it received that letter on or near that date. Except as expressly admitted, LGE denies

5   the remaining allegations of this Paragraph 75.

6          76.      Denied.

7          77.      Denied.

8   **D.  Alta's Allegations that "LGE Admit[ted] to Alta Devices That It Breached the 2011 NDA."**

9          78.      LGE admits that Alta sent LGE a letter dated October 18, 2016 and that Exhibit D

10  to the Corrected First Amended Complaint appears to be an accurate copy of the October 18,

11  2016 letter.  The October 18, 2016 letter speaks for itself, and any attempts in this Paragraph 78 to

12  paraphrase or characterize it are expressly denied.  Except as expressly admitted, LGE denies the

13  remaining allegations of this Paragraph 78.

14         79.      LGE admits that LGE sent Alta a letter dated November 26, 2016 and that Exhibit

15  E to the Corrected First Amended Complaint appears to be an accurate copy of the November 26,

16  2016 letter.  The November 26, 2016 letter speaks for itself, and any attempts in this Paragraph 79

17  to paraphrase or characterize it are expressly denied.  Except as expressly admitted, LGE denies

18  the remaining allegations of this Paragraph 79.

19         80.      LGE admits that LGE sent Alta a letter dated November 26, 2016 and that Exhibit

20  E to the Corrected First Amended Complaint appears to be an accurate copy of the November 26,

21  2016 letter.  The November 26, 2016 letter speaks for itself, and any attempts in this Paragraph 80

22  to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of

23  contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed

24  with prejudice, no response is required to this Paragraph 80 to the extent it alleges breach of

25  contract by failure to return or concerns that cause of action.  To the extent any response is

26  required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph

27  80.

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 12 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

81.     LGE admits that the dealings between Alta and LGE under the 2011 NDA completed and terminated pursuant to the terms of that agreement.  Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 81 to the extent it alleges breach of contract by failure to return or concerns that cause of action.  To the extent any response is required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph 81.

82.     The November 26, 2016 letter speaks for itself, and any attempts in this Paragraph 82 to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 82 to the extent it alleges breach of contract by failure to return or concerns that cause of action.  To the extent any response is required, LGE denies the allegations in this Paragraph 82.

83.     LGE admits that Alta sent LGE a letter dated January 9, 2017, and that Exhibit F to the Corrected First Amended Complaint appears to be an accurate copy of the January 9, 2017 letter.  The January 9, 2017 letter speaks for itself, and any attempts in this Paragraph 83 to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 83 to the extent it alleges breach of contract by failure to return or concerns that cause of action.  To the extent any response is required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph 83.

84.     LGE admits that LGE sent Alta a letter dated February 9, 2017, and that Exhibit G to the Corrected First Amended Complaint appears to be an accurate copy of the February 9, 2017 letter.  The February 9, 2017 letter speaks for itself, and any attempts in this Paragraph 84 to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 84 to the extent it alleges breach of

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 13 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

contract by failure to return or concerns that cause of action. To the extent any response is required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph 84.

85.    LGE admits that LGE sent Alta a letter dated February 9, 2017, and that Exhibit G to the Corrected First Amended Complaint appears to be an accurate copy of the February 9, 2017 letter. The February 9, 2017 letter speaks for itself, and any attempts in this Paragraph 85 to paraphrase or characterize it are expressly denied. Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 85 to the extent it alleges breach of contract by failure to return or concerns that cause of action. To the extent any response is required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph 85.

86.    LGE admits that LGE sent Alta a letter dated February 9, 2017, and that Exhibit G to the Corrected First Amended Complaint appears to be an accurate copy of the February 9, 2017 letter. The February 9, 2017 letter speaks for itself, and any attempts in this Paragraph 86 to paraphrase or characterize it are expressly denied. Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 86 to the extent it alleges breach of contract by failure to return or concerns that cause of action. To the extent any response is required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph 86.

87.    LGE admits that LGE sent Alta a letter dated February 9, 2017, and that Exhibit G to the Corrected First Amended Complaint appears to be an accurate copy of the February 9, 2017 letter. The February 9, 2017 letter speaks for itself, and any attempts in this Paragraph 87 to paraphrase or characterize it are expressly denied. Because Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed with prejudice, no response is required to this Paragraph 87 to the extent it alleges breach of contract by failure to return or concerns that cause of action. To the extent any response is

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 14 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1   required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph

2   87.

3          88.     LGE admits that Alta sent LGE a letter dated February 16, 2017, and that Exhibit

4   H to the Corrected First Amended Complaint appears to be an accurate copy of the February 16,

5   2017 letter.  The February 16, 2017 letter speaks for itself, and any attempts in this Paragraph 88

6   to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of

7   contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed

8   with prejudice, no response is required to this Paragraph 88 to the extent it alleges breach of

9   contract by failure to return or concerns that cause of action.  To the extent any response is

10  required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph

11  88.

12         89.     LGE admits that LGE's counsel sent Alta a letter dated April 11, 2017, and that

13  Exhibit I to the Corrected First Amended Complaint appears to be an accurate copy of the April

14  11, 2017 letter.  The April 11, 2017 letter speaks for itself, and any attempts in this Paragraph 89

15  to paraphrase or characterize it are expressly denied.  Because Alta's cause of action for breach of

16  contract for failure to return information disclosed pursuant to the 2011 NDA has been dismissed

17  with prejudice, no response is required to this Paragraph 89 to the extent it alleges breach of

18  contract by failure to return or concerns that cause of action.  To the extent any response is

19  required, except as expressly admitted, LGE denies the remaining allegations of this Paragraph

20  89.

21  **E.  Alta's Allegations that "LG's Use of Alta Devices' Trade Secrets Has Diminished and
        May Destroy the Market for Alta's Proprietary Product."**

22

23         90.     LGE lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegations of this Paragraph 90 and on that basis denies them.

25         91.     LGE lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations concerning its market capitalization because the allegations do not state the

27  currency that they are referencing and on that basis LGE denies them.  LGE admits that it is a

28  global leader in the production of consumer electronics.  Except as expressly admitted, LGE

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 15 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

denies the remaining allegations of this Paragraph 91.

92.    Denied.

## ALTA'S FIRST CAUSE OF ACTION
### Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act
### (18 U.S.C. § 1836, et seq.)

93.    LGE refers to and incorporates by reference its preceding responses to the allegations in the Corrected First Amended Complaint.

94.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 94 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 94.

95.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 95 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 95.

96.    Because Alta's cause of action for t misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 96 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 96.

97.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 97 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 97.

98.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 98 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 98.

99.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 99 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 99.

100.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 100 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 100.

101.    Because Alta's cause of action for misappropriation of trade secrets in violation of

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 16 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

the DTSA has been dismissed with prejudice, no response to this Paragraph 101 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 101.

102.    Because Alta's cause of action for misappropriation of trade secrets in violation of the DTSA has been dismissed with prejudice, no response to this Paragraph 102 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 102.

### ALTA'S SECOND CAUSE OF ACTION
**Misappropriation of Trade Secrets in Violation of the California Uniform Trade Secrets Act (California Civil Code § 3426, et seq.)**

103.    LGE refers to and incorporates by reference its preceding responses to the allegations in the Corrected First Amended Complaint.

104.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 104 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 104.

105.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 105 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 105.

106.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 106 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 106.

107.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 107 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 107.

108.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 108 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 108.

109.    Because Alta's cause of action for misappropriation of trade secrets in violation of the CUTSA has been dismissed with prejudice, no response to this Paragraph 109 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 109.

110.    Because Alta's cause of action for misappropriation of trade secrets in violation of

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 17 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1    the CUTSA has been dismissed with prejudice, no response to this Paragraph 110 is required.  To

2    the extent any response is required, LGE denies the allegations in this Paragraph 110.

3        111.    Because Alta's cause of action for misappropriation of trade secrets in violation of

4    the CUTSA has been dismissed with prejudice, no response to this Paragraph 111 is required.  To

5    the extent any response is required, LGE denies the allegations in this Paragraph 111.

6                        **ALTA'S THIRD CAUSE OF ACTION**
                              **Breach of Contract**
7

8        112.    LGE refers to and incorporates by reference its preceding responses to the

9    allegations in the Corrected First Amended Complaint.

10       113.    LGE admits that it entered into the 2011 NDA with a company called Alta

11   Devices, Inc., effective June 13, 2011.  LGE denies, on information and belief, that the Alta

12   Devices, Inc. that was a signatory to the 2011 NDA is the same entity as the Alta Devices, Inc.

13   that is the Plaintiff in this lawsuit.  The terms of the 2011 NDA speak for themselves, and any

14   attempts in this Paragraph 113 to paraphrase or characterize them are expressly denied.  LGE

15   denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011

16   NDA or otherwise was confidential or publicly unknown outside of Alta.  Except as expressly

17   admitted, LGE denies the remaining allegations of this paragraph 113.

18       114.    LGE admits that it entered into the 2011 NDA with a company called Alta

19   Devices, Inc., effective June 13, 2011.  LGE denies, on information and belief, that the Alta

20   Devices, Inc. that was a signatory to the 2011 NDA is the same entity as the Alta Devices, Inc.

21   that is the Plaintiff in this lawsuit.  The terms of the 2011 NDA speak for themselves, and any

22   attempts in this Paragraph 114 to paraphrase or characterize them are expressly denied.  LGE

23   denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011

24   NDA or otherwise was confidential or publicly unknown outside of Alta.  Except as expressly

25   admitted, LGE denies the remaining allegations of this paragraph 114.

26       115.    Denied.

27       116.    Denied.

28       117.    Denied.

Hogan Lovells US LLP
Attorneys At Law
Menlo Park

- 18 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

118.    Denied.

### ALTA'S FOURTH CAUSE OF ACTION
#### Violation of California Bus. & Prof. Code § 17200

119.    LGE refers to and incorporates by reference its preceding responses to the allegations in the Corrected First Amended Complaint.

120.    Because Alta's cause of action for violation of Cal. Bus. & Prof. Code § 17200 has been dismissed with prejudice, no response to this Paragraph 120 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 120.

121.    Because Alta's cause of action for violation of Cal. Bus. & Prof. Code § 17200 has been dismissed with prejudice, no response to this Paragraph 121 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 121.

122.    Because Alta's cause of action for violation of Cal. Bus. & Prof. Code § 17200 has been dismissed with prejudice, no response to this Paragraph 122 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 122.

123.    Because Alta's cause of action for violation of Cal. Bus. & Prof. Code § 17200 has been dismissed with prejudice, no response to this Paragraph 123 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 123.

124.    Because Alta's cause of action for violation of Cal. Bus. & Prof. Code § 17200 has been dismissed with prejudice, no response to this Paragraph 124 is required.  To the extent any response is required, LGE denies the allegations in this Paragraph 124.

### ALTA'S FIFTH CAUSE OF ACTION
#### Declaratory Judgment

125.    LGE refers to and incorporates by reference its preceding responses to the allegations in the Corrected First Amended Complaint.

126.    LGE admits that an actual controversy has arisen between the parties, but LGE denies that it has misused any of "Alta Devices' proprietary and Confidential Information" under the 2011 NDA.  LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta.

Hogan Lovells US LLP
Attorneys At Law
Menlo Park

- 19 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

Because Alta's cause of action for declaratory judgment has been dismissed with prejudice to the extent that it is based on Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation, no response is required to this Paragraph 126 to the extent it alleges a claim for declaratory judgment that is based on breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 126.

127.    LGE admits that it has never used "Alta Devices' Confidential Information" received pursuant to the 2011 NDA for any other purpose other than for the purpose agreed in the 2011 NDA.  LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta.  Because Alta's cause of action for declaratory judgement has been dismissed with prejudice to the extent that it is based on Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation, no response is required to this Paragraph 127 to the extent it alleges a claim for declaratory judgment that is based on breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 127.

128.    LGE denies that it is developing and using technology by using "Alta's proprietary and Confidential Information."  LGE denies that the information that Alta's predecessor and/or Alta disclosed to LGE under the 2011 NDA or otherwise was confidential or publicly unknown outside of Alta.  Because Alta's cause of action for declaratory judgement has been dismissed with prejudice to the extent that it is based on Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for

Hogan Lovells US LLP
Attorneys At Law
Menlo Park

violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation, no response is required to this Paragraph 128 to the extent it alleges a claim for declaratory judgment that is based on breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation.  LGE denies the remaining allegations of this Paragraph 128.

129.    LGE admits that Alta Devices seeks a judicial determination of the parties' respective rights and duties.  However, LGE denies that Alta is entitled to any of the declarations that it seeks.  Except as expressly admitted, LGE denies the remaining allegations of this Paragraph 129.

130.    LGE denies that it has breached the 2011 NDA or that a judicial determination is necessary or appropriate in order to prevent any such breach.  Because Alta's cause of action for declaratory judgement has been dismissed with prejudice to the extent that it is based on Alta's cause of action for breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation, no response is required to Paragraph 130 to the extent it alleges a claim for declaratory judgment that is based on breach of contract for failure to return information disclosed pursuant to the 2011 NDA, Alta's cause of action for violation of Cal. Bus & Prof. Code § 17200, or the same nucleus of facts as trade secret misappropriation. LGE denies the remaining allegations of this Paragraph 130.

## ALTA'S JURY DEMAND

131.    LGE admits that Plaintiff has requested a trial by jury of all issues so triable.

## ALTA'S REQUEST FOR RELIEF

LGE denies that Plaintiff is entitled to any relief whatsoever, or any of the relief requested in the Corrected First Amended Complaint.

LGE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

# AFFIRMATIVE DEFENSES

132.    LGE asserts the following affirmative defenses.  By alleging the affirmative defenses set forth below, LGE does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part, and LGE will undertake such burdens of proof only as required by law, regardless of how such affirmative defenses are represented below:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

133.    Plaintiff's Corrected First Amended Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

134.    Plaintiff's Corrected First Amended Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE
### (Improper Conduct, Unenforceability, Unclean Hands)

135.    Any recovery by Plaintiff is barred by its own improper conduct constituting breach and unenforceability of contract, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, Estoppel)

136.    Plaintiff's Corrected First Amended Complaint and each cause of action therein is barred in whole or in part by the doctrines of waiver, acquiescence, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

137.    Plaintiff's Corrected First Amended Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
MENLO PARK

- 22 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Plead Fraud with Particularity)**

138.    Plaintiff's Corrected First Amended Complaint, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unilateral Mistake)**

139.    At the time LGE executed the 2011 NDA, LGE believed that Paragraph 5 of the 2011 NDA provided for expiration of the 2011 NDA after one year, and consequently, that the duty to hold Confidential Information (as defined in the 2011 NDA) in confidence expired three years after the one year expiration date.  LGE continues to believe that this is the correct and proper interpretation of Paragraph 5 of the 2011 NDA.  If, however, the 2011 NDA is held to have an uncertain and indefinite duration rather than a one year duration, Plaintiff's claims are barred in whole or in part by the doctrine of unilateral mistake.  In particular, Defendant was mistaken as to the Term provision of Paragraph 5 of the 2011 NDA, which appears to provide for "expiration" of the agreement following a one-year "Disclosure Period," Plaintiff knew or should have known that Defendant was mistaken in its interpretation of the Term provision, Defendant's mistake was not caused by Defendant's excessive carelessness, and Defendant would not have agreed to enter into the 2011 NDA if it had known of the mistake.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Parol Evidence)**

140.    To the extent that Plaintiff's claims rely on parol evidence, the Court cannot consider extrinsic evidence to construe clear and unambiguous terms of a contract.

**NINTH AFFIRMATIVE DEFENSE**
**(No Wrongful Acts)**

141.    Plaintiff's prayers for damages regarding each cause of action contained in the Corrected First Amended Complaint are barred because such damages, if any, were not the result of acts, representations or omissions of Defendant or its agents.

**TENTH AFFIRMATIVE DEFENSE**
**(No Damages)**

142.     Plaintiff was not damaged in the sum or manner alleged, or in any sum or manner at all, by Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Speculative Damages)**

143.     Plaintiff is seeking to recover damages that are completely speculative in nature.

**TWELTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

144.     Plaintiff's failure to mitigate its alleged damages bars its claims for damages in whole or in part.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Equitable Relief, Adequate Remedy at Law)**

145.     Plaintiff is not entitled to equitable relief, including but not limited to injunctive relief, because it has an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Irreparable Harm)**

146.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

147.     Plaintiff was not and, on information and belief, is not a party to the 2011 NDA and, therefore, lacks standing to assert or enforce any rights or obligations arising thereunder.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Confidential Information)**

148.     Plaintiff's claims for breach of contract and declaratory judgment are barred in whole or in part because all or some of the information disclosed by Alta to LGE under the terms of the 2011 NDA was not Confidential Information as defined in the 2011 NDA, at least because

Hogan Lovells US LLP
Attorneys At Law
Menlo Park

- 24 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

such information: (i) was not proprietary to Alta; (ii) was at the time of disclosure (or thereafter became) publicly known through no fault of, or failure to act by, LGE (or LGE's authorized Representatives, as that term is defined in the 2011 NDA); (iii) was known to LGE before receiving such information from Alta and without restriction as to use or disclosure; (iv) was legally furnished to LGE by a third party, without restriction as to use or disclosure; and/or (v) was independently developed by employees or consultants of LGE without violation of the terms of the 2011 NDA or reference or access to information that qualifies as Confidential Information.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Additional Affirmative Defenses)

149.    Defendant hereby reserves the right to assert and allege additional affirmative defenses at an appropriate time if discovery conducted in this action reveals facts that would support such additional affirmative defenses to Plaintiff's Corrected First Amended Complaint.

## COUNTERCLAIMS

1.    Defendant and Counterclaimant LG Electronics, Inc. ("LGE") incorporates by reference the allegations, denials, admissions and defenses contained in the answer above as if fully set forth herein.  Pursuant to Rule 13 of the Federal Rules of Civil Procedure, LGE, for its counterclaims against Plaintiff and Counterdefendant Alta Devices, Inc. ("Alta"), states and alleges as follows:

2.    LGE is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business in Seoul, Korea.

3.    On information and belief, based on the allegations of the Corrected First Amended Complaint, Alta is a Delaware corporation with a principal place of business in Sunnyvale, California.

4.    This Court has subject matter jurisdiction over LGE's counterclaims under 28 USC§ 1332.

5.    This Court has personal jurisdiction over Alta based, at least, on its conducting of business in this State and the filing of its Corrected First Amended Complaint in this District

1   thereby purposefully availing itself of the laws of and the courts located within the State of

2   California.

3        6.     Venue, for purposes of these counterclaims, is proper at least based on Alta's filing

4   of this action in this District.

5   **LGE'S FIRST COUNTERCLAIM**<br>**(Breach of Contract)**

6

7        7.     LGE incorporates by reference the allegations in paragraphs 1 through 6 of these

8   Counterclaims, inclusive, as if fully set forth herein.

9        8.     Effective June 13, 2011, Plaintiff Alta Devices, Inc.'s predecessor entity ("Old

10  Alta") entered into a Mutual Non-Disclosure agreement with LGE in furtherance of discussions

11  between Old Alta and LGE concerning a potential investment by LGE (the "2011 NDA").

12       9.     The 2011 NDA explicitly prohibits the parties to the agreement from assigning the

13  agreement without the prior written consent of the other party:

14      <u>No Assignment.</u>  This Agreement is personal in nature, and neither party may
    directly or indirectly assign or transfer it by operation of law or otherwise without

15      the prior written consent of the other party, which consent will not be
    unreasonably withheld.

16

17  *See* CFAC [Dkt. 77], Ex. A (2011 NDA) ¶ 11(vi).

18       10.    On information and belief, on or around November 27, 2013, Old Alta and

    Hanergy Holding Group Ltd., a Chinese entity, entered into an asset purchase agreement.  On

19  information and belief, pursuant to that agreement, Hanergy Holding Group Ltd. purchased

20  substantially all assets and assumed substantially all liabilities of Old Alta and subsequently

21  transferred those assets and liabilities to a newly-formed successor entity, which was a subsidiary

22  of Hanergy Holding Group Ltd.

23       11.    On information and belief, Plaintiff Alta Devices, Inc. is that successor entity.

24       12.    On information and belief, in connection with the asset purchase agreement with

25  Hanergy Holding Group Ltd., Old Alta assigned the 2011 NDA to Hanergy Holding Group Ltd.,

26  which then assigned the 2011 NDA to Plaintiff Alta Devices, Inc.

27       13.    LGE has never been asked to provide written consent, and has never consented, to

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
MENLO PARK

- 26 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

any assignment of the 2011 NDA.

14.     On information and belief, Old Alta breached the 2011 NDA by assigning the 2011 NDA to Hanergy Holding Group Ltd. without obtaining consent from LGE.

15.     On information and belief, Old Alta and/or Hanergy Holding Group Ltd. breached the 2011 NDA by assigning the 2011 NDA to Plaintiff Alta Devices, Inc. without obtaining consent from LGE.

16.     As a direct and proximate cause of Old Alta's breach of the 2011 NDA, LGE suffered damage and continues to suffer damages in an amount to be proven at trial.

17.     As a direct and proximate cause of Hanergy Holding Group Ltd.'s breach of the 2011 NDA, LGE suffered damage and continues to suffer damages in an amount to be proven at trial.

18.     Plaintiff Alta Devices, Inc. is liable for the breaches of Old Alta and/or Hanergy Holding Group Ltd.

## LGE'S SECOND COUNTERCLAIM
### (Declaratory Judgment)

19.     LGE incorporates by reference the allegations in paragraphs 1 through 18 of these Counterclaims, inclusive, as if fully set forth herein.

20.     Plaintiff Alta Devices, Inc. is an improper assignee of the 2011 NDA, and LGE has no obligation to perform under the 2011 NDA for the benefit of an improper assignee.

21.     An actual, present and justiciable controversy has arisen between LGE and Plaintiff Alta Devices, Inc. concerning LGE's obligation to perform under the 2011 NDA for the benefit of Plaintiff Alta Devices, Inc. in light of the improper assignment of the 2011 NDA to Plaintiff Alta Devices, Inc.

22.     LGE seeks declaratory judgment from this Court that LGE is not required to perform under the 2011 NDA for the benefit of Plaintiff Alta Devices, Inc.

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 27 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, LGE respectfully requests that the Court:

3      A.      enter judgment in favor of LGE denying Alta all relief requested in the Corrected

4  First Amended Complaint, ordering that Alta take nothing as a result of the Corrected First

5  Amended Complaint, and dismissing the Corrected First Amended Complaint with prejudice;

6      B.      enter judgment in favor of LGE on each of its counterclaims;

7      C.      award LGE damages for breach of contract in an amount to be proven at trial, as

8  well as pre-judgment and post-judgment interest at the maximum legal rate;

9      D.      order that the 2011 NDA be rescinded for unilateral mistake (in the event that the

10  2011 NDA is not held to provide for expiration after a one year term);

11      E.      order modification of the 2011 NDA to provide for expiration after a one year term

12  (in the event that the 2011 NDA is not held to provide for expiration after a one year term);

13      F.      award LGE its attorneys' fees incurred in this action as allowed by law, including

14  pursuant to California Civil Code § 1717;

15      G.      order Alta to pay all costs associated with this action;

16      H.      grant LGE such other and further relief as may be deemed just and appropriate.

17

## **DEMAND FOR JURY TRIAL**

18      LGE hereby requests a trial by jury of all issues so triable.

19

20

21  Dated:    May 28, 2019                          HOGAN LOVELLS US LLP

22

23                                                  By: */s/ Steven M. Levitan*
                                                        Steven M. Levitan

24
                                                     Attorneys for Defendant
25                                                   LG ELECTRONICS, INC.

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Menlo Park

- 28 -

LGE'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS
5:18-CV-00404-LHK-VKD