UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALTA DEVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>Defendant. | Case No.18-cv-00404-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>Re: Dkt. No. 105 |

Defendant LG Electronics, Inc. ("LGE") seeks an order compelling plaintiff Alta Devices, Inc. ("Alta") to respond to or produce further discovery in response to LGE's interrogatories and requests for production. The Court heard oral argument on June 4, 2019. Dkt. No. 115. For the reasons stated on the record and as further explained below, the Court orders as follows:

**A.   Interrogatory No. 2 and Requests for Production Nos. 3 and 9**

These requests seek information regarding Alta's creation and use of Alta's alleged trade secrets. LGE argues that this discovery is relevant, notwithstanding the dismissal of Alta's claims for trade secret misappropriation, because Alta reportedly claims that information it disclosed under the parties' 2011 Nondisclosure Agreement ("NDA") comprises both Alta's alleged trade secret and other proprietary "Confidential Information." LGE contends that it is entitled to know whether Alta used its alleged trade secrets in a way that may have compromised the claimed confidentiality of the information. Because this case now concerns LGE's alleged breach of contract, Alta contends that the requested information is irrelevant. Additionally, Alta argues that these requests impose an undue burden because they essentially seek information about everything Alta has done in the history of the company to develop or use the alleged trade secrets. In any

event, Alta contends that it should not be required to answer Interrogatory No. 2, because answering that interrogatory, including subparts, for each of Alta's claimed trade secrets, will cause LGE to exceed the 30-interrogatory limit set by the Court.

Alta's remaining claim for breach of the 2011 NDA is based on the theory that LGE used Alta's "Confidential Information" for purposes not permitted by that agreement. *See, e.g.*, Dkt. No. 55 at 22. LGE says it requires this discovery to assess whether Alta's alleged trade secrets are proprietary to Alta and whether they are not publicly known. Dkt. No. 104-3 at 2. The Court disagrees with Alta that the number of trade secrets Alta has identified requires the Court to multiply by that number for every interrogatory seeking information "for each trade secret." However, the Court agrees with Alta that, as drafted, these discovery requests are overbroad to the extent they seek a detailed description of the creation and use of each alleged trade secret and all documents "relating to" their creation and use. The Court will not order Alta to respond to or produce documents in response to Interrogatory No. 2 and Requests for Production Nos. 3 and 9. Instead, the Court will require Alta to provide a narrower scope of information and documents, as follows:

- For each alleged trade secret that Alta contends constitutes "Confidential Information," Alta shall identify all persons who participated substantively in the development of the trade secret.
- For each alleged trade secret, Alta shall explain the bases for its contention that the trade secret satisfies the definition of "Confidential Information" in the 2011 NDA and is not publicly known.
- For each alleged trade secret, Alta shall identify the products or processes that use or have used the alleged trade secret.
- For each alleged trade secret, Alta shall produce documents sufficient to show the development of the trade secret, including any advances or improvements over known technology.[1]

---

[1] During the hearing on this motion, Alta's counsel referred to documents that reflect the company's "starting point" for developing the technology, as well as documents described as

2

- For each alleged trade secret, Alta shall produce documents sufficient to show the products or processes that use or have used the trade secret.

**B.    Interrogatory No. 14 and Request for Production No. 29**

LGE seeks discovery regarding discussions, proposals, or offers between Alta and third parties concerning contemplated investments in, acquisitions of, or joint ventures with Alta. LGE argues that this information is relevant to show whether any of Alta's interactions with third parties may have occurred under circumstances that did not maintain the confidentiality of the information, or whether others may have already known about what Alta claims is its confidential technology. Additionally, LGE argues that this discovery is relevant to the valuation of the technology. Alta claims that the parties initially agreed that Alta need only produce discovery concerning a Series D round of financing for a four-year period beginning in January 2011, but that LGE later changed its mind and now seeks discovery concerning an earlier (and, in Alta's view, irrelevant) Series C round of financing that reportedly occurred mainly in 2010.

At the hearing, LGE argued that the earlier information re the Series C financing is relevant to valuation of the "Confidential Information" at issue, and that LGE seeks information predating the 2011 NDA by only 6 months in addition to information about the Series D financing. Alta maintains that the Series C financing concerned technology at a different stage of development than the technology disclosed by Alta to LGE, and is therefore not relevant to either valuation or disclosure of the "Confidential Information" at issue.

The Court agrees with Alta that discussions, proposals, and offers pre-dating the disclosure of "Confidential Information" by Alta to LGE are unlikely to bear directly on valuation or disclosure of the "Confidential Information" at issue here. Alta need only provide responsive information and documents relating to the Series D financing.

**C.    Request for Production No. 36**

LGE asks for "[a]ll efficiency testing results for Alta's GaAS solar cell technology." Dkt. No. 105-2 at ECF 5. However, what LGE really wants is "process yield" information (i.e.,

---

reports to the company's board on the progress of development of the technology.

3

1 information showing how many devices actually work) for the period of time from 2011 to 2017
2 because LGE wants to test Alta's contention that its technology was ever commercially viable.
3 Alta argues that Request for Production No. 36 does not ask for yield data; that, during the NDA
4 disclosure period, Alta did not disclose such information; and that Alta has already agreed to
5 produce median and maximum efficiency data for 2011 to 2017 as that information is kept in the
6 ordinary course of its business.

The Court will not require Alta to produce "yield data," as that data is not called for in LGE's request. However, it is not clear whether Alta maintains "efficiency testing" data, in a database or other format, that it has not yet produced and that would be responsive to this request. Accordingly, the Court directs counsel for Alta to investigate whether additional efficiency testing data exists and to so inform counsel for LGE. If the data does exist, the parties should confer regarding whether and how such data may be made available to LGE's counsel and/or experts for inspection. If the parties dispute whether and how such data should be produced, they shall submit a further joint discovery dispute letter on this topic to the Court.

**IT IS SO ORDERED.**

Dated: June 5, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge